[No. 8,313.—Department One.]
Aug. 24, 1882.

## W. W. LAPHAM v. W. B. CAMPBELL.

ACTION FOR RELIEF AGAINT A JUDGMENT ON THE GROUND OF FRAUD—NEW TRIAL IN EQUITY.—Action for relief against a judgment alleged to have been obtained by fraud. From the allegations of the complaint it appeared that judgment by default was entered against the plaintiff upon a false affidavit made by a person qualified in law to serve a process, that he had served the summons personally upon the defendant, in the State of California; but that in fact the summons was served upon the defendant in the State of Nevada; that the plaintiff had no notice of the entry of the judgment against him until more than a year after its date; and that the cause of action upon which the judgment was rendered did not exist. Held, that the demurrer to the complaint was improperly sustained.

ID.—ID.—JURISDICTION.—(McKEE, J.)—Where judgment is taken without due process of law, or upon false proof of service of process upon a defendant who was at the time of the alleged service beyond the territorial jurisdiction of the Court, he is not chargeable with knowledge of the rendition of the judgment; nor is he bound to apply within a year after its rendition to set it aside, and to be allowed to answer the complaint; for he is not bound to submit himself to a foreign jurisdiction.

ID.—ID.—MYRICK and McKINSTRY, JJ.—Assuming that under Section 473, C. C. P., the defendant in that action (plaintiff here) would have obtained relief if he had applied within six months, it is enough to say that he states sufficient reasons why the application was not made within that time.

APPEAL from a judgment for the defendant in the Superior Court of the County of Placer.

*John M. Fulweiler*, for Appellant.

Fraud in the procurement of a judgment will entitle a party to relief in a Court of equity against the judgment. (Story's Eq. Plead. 426, 428, and notes; Freeman on Judgments, 489, 491, 495; *Robb* v. *Robb*, 6 Cal. 21; *Bibend* v. *Kreutz*, 20 id. 109; *Gates* v. *Lane et al.*, 44 id. 392.)

The plaintiff has no other remedy against the fraudulent judgment. It might be transferred to an innocent purchaser for value. (*Hayden* v. *Hayden*, 46 Cal. 333.)

It can not be said that we have our remedy by motion to quash the execution, for the judgment is not void on the face of the record, as has been held in 6 Cal. 294; 16 id. 200; 34 id. 76, and 391; 37 id. 458 and 527 ; 41 id. 253.)

Plaintiff's remedy is not by motion in the original action. Section 473, Civil Procedure, prescribes the circumstances, conditions, and cases under which one may, by motion, be relieved from a judgment, order, etc., and be allowed to plead to the merits of the original action. Can it be said that a party, by a false and fraudulent return of service of summons, and imposition upon the Court, can compel a defendant to come into Court and submit himself to its jurisdiction ? That would be to the encouragement of fraud, and permit a party to take advantage of his own wrong, and a violation of every rule of equity.

*W. H. Bullock*, for Respondent.

Plaintiff did not use due diligence. He waited until the Statute of Limitations set in, and then brought his action, based upon a technical defect. He was served with process, and claims it was in the wrong spot. Being served, it was his duty to answer the complaint, or take prompt steps to set the action aside. (*Riddle* v. *Baker*, 13 Cal. 295; 29 id. 444; 20 id. 109; 1 id. 134.)

The complaint shows that plaintiff relied upon a technical defect in the service. (5 Cal. 297, 515.) Equity never interferes to enforce a mere technical right. (*Gregory* v. *Ford*, 14 Cal. 138; 16 id. 559; 37 id. 76.)

McKEE, J.:

A demurrer to the complaint in the action, out of which

this case arises, having been sustained by the Court, the plaintiff declined to amend, and final judgment was entered against him, from which he appealed.

The case itself is a proceeding in equity for relief against a judgment alleged to have been obtained by fraud. From the the facts averred in the complaint, it appears that in the month of January, 1880, judgment by default was entered in the Superior Court of Placer County, upon an affidavit of proof of service, made by a person qualified in law to serve process. The affidavit showed that service had been made upon the defendant in the action, by delivery to him personally, on the eighteenth of November, 1879, of a copy of the summons and complaint, at Hot Springs in Placer County, California.

This proof was sufficient to give the Court jurisdiction over the person of the defendant; and as it had jurisdiction of the subject-matter of the action, the judgment rendered in the case was not void nor voidable. The pleader admits that it is fair and regular on its face, but he alleges that it was obtain upon a false cause of action and upon false proof of a service of process in the case, which the plaintiff fraudulently procured to be made on the defendant, who, at the time of the alleged service, was a citizen of the State of Nevada, and not subject to process issued out of the Courts of California.

In the presence of the demurrer these averments must be taken as true; and they, in connection with the other allegations contained in the complaint, constitute a cause of action, unless, as it is contended, the remedy for relief is not by an original action in equity, but is, exclusively, by motion, in the Court in which the judgment was rendered, to vacate and set aside the judgment.

The Code has provided that remedy for relief from a judgment taken against a party through his mistake, inadvertence, surprise, or excusable neglect (Sec. 473, C. C. P.); or when taken in a case where summons has not been personally served on a defendant. In the first class of cases the remedy must be availed of within six months, and in the second, within a year, after rendition of judgment. But, independent of the provision of the Code, I think that a court of record may, by virtue of its inherent power over its own records, so long as it

has physical control of the same, set aside, on motion or otherwise, a judgment procured by fraud; or such a judgment may be set aside by an original action in a court of equity, when by reason of the fraud, the Court that rendered the judgment had not acquired jurisdiction of the person of the defendant. Truth, it is said, must be the basis of all judgments; and no Court will knowingly allow itself to be abused.

Before the Codes the rule was that a decree gained by fraud might be set aside by petition, and a judgment at law by motion; and *a fortiori* might such degree or judgment be set aside by bill. (*Sheldon* v. *Fortescue,* 3 P. Wms. 111; *Richmond* v. *Tayleur,* 8 id. 733; *Lloyd* v. *Mansell,* 2 id. 73.) But it is urged that while the remedy by motion exists, and is available, the assistance of a Court of Equity cannot be invoked; nor can it be, after the right to the remedy has gone, by the expiration of the statutory time within which to avail of it, unless the party is not chargeable with negligence.

This contention is made upon the principle that where a party has an adequate remedy at law he is not entitled to the assistance of a Court of equity. But the converse of the proposition is also true, viz., that if a party has been deprived of his rights by a fraud, which was unknown to him at the time it was perpetrated, and for not knowing which he is not chargeable with negligence, and he has no remedy at law, a Court of equity will grant him relief by an original action. If no laches, or want of diligence is imputable to a party, there is, says the Supreme Court, in *Bibend* v. *Kreutz* (20 Cal. 114), nothing in reason or propriety preventing the interference of equity.

Now, as against the judgment under consideration, the *then* defendant had no available remedy at law by motion under the Code. For, as he was, according to the allegations of the complaint, a citizen of the State of Nevada, and beyond the territorial jurisdiction of the Courts of California, at the time of the alleged service of process, the Court that rendered the judgment had no jurisdiction over his person, and the fact is alleged, that he had no knowledge that the judgment had been in fact taken against him, upon a false affidavit of service of process upon him, in the State of California, until more than six months after the rendition of the judgment.

Where judgment is taken without due process of law, or upon false proof of service of process upon a defendant who was, at the time of the alleged service, beyond the territorial jurisdiction of the Court, he is not chargeable with knowledge of the rendition of the judgment. No one is called to act in a judicial proceeding in which jurisdiction over his person has not been obtained. And although he be a party named in the proceeding, yet if jurisdiction over him be not obtained, he has no duty to perform in relation to the proceeding, for the non-performance of which he is chargeable with mistake, inadvertence, surprise, or excusable neglect, and, as he is not chargeable with any of those things, he is not called upon to avail himself of any of them as ground for a motion to set aside the judgment; nor is he chargeable with *laches* or want of diligence for not knowing of the proceedings or judgment. The party procuring a judgment against another without due process of law, or by fraud, takes it at his peril, and the party against whom it is taken is not bound to apply, within a year after its rendition, to set it aside and be allowed to answer the complaint, for, as he was beyond the territorial jurisdiction of the Court, and never had been served with process at all, he is not bound to voluntarily submit himself to a foreign jurisdiction.

That portion of Section 473, *supra*, relates to persons who are within the territorial jurisdiction of the Courts of the State, and not to those who are beyond the jurisdiction. Nor was the defendant bound to resort to the remedy by motion to set aside a judgment taken against him in an action in which there was no service of summons upon him, or in which the affidavit of service of summons was false.

If, as a citizen of the State of Nevada, he had been sued in any of the Nevada Courts on the judgment, there is no doubt that he could have defended the action by showing that he had not been served with process. This he would have been entitled to show, notwithstanding the record of the judgment showed that he had been served. If it clearly appeared that the Superior Court of Placer County had acquired no jurisdiction over him, then as a foreign judgment its recitals would have been worthless against him. (*Gleason* v. *Dodd*, 4 Met. 333; *Shelton* v. *Tiffin*, 6 How. (U. S.) 163.) And, in-

stead of waiting to be sued on the judgment in his own State, a party may come into the Courts of this State and obtain relief against such a judgment by original action.

Judgment reversed, with direction to the Court below to overrule the demurrer and permit the defendant to answer.

MYRICK and McKINSTRY, JJ., concurring:

We concur in the judgment. The case presented by the plaintiff in his complaint shows that there was no service of summons in the action referred to—on the contrary, a false affidavit of service was made and filed, and upon such false affidavit the judgment was rendered. Assuming that under Section 473, C. C. P., the defendant in that action (plaintiff here) could have obtained relief if he had applied within six months, it is enough to say that he states sufficient reasons why the application was not made within the time. The case stated in the complaint is clearly within the rules governing Courts of equity in such cases, and the demurrer to the complaint should have been overruled.