[Civ. No. 6164. First Appellate District, Division Two.—April 16, 1928.]

L. S. JONES, Respondent, v. ALBERT A. MOERS, Appellant.

Andreani & Haines and John L. Bisher, Jr., for Appellant.

Jones, Hoyt & Rifkind for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from an order denying a motion to set aside a default and judgment. The appellant contends that the judgment was obtained by fraud, and that the clerk was without jurisdiction to enter the default.

November 29, 1924, the plaintiff served and filed his second amended complaint against the defendant, executor of the estate of Teresa W. Moers, deceased. The complaint was based upon an express agreement to pay plaintiff $5,000 for services rendered as an attorney. It was alleged that "during the lifetime of the said Teresa W. Moers . . . he (plaintiff) performed for her, at her special instance and request certain legal services as her attorney at law, for which she promised to pay . . . the sum of $5000." It was further alleged that a claim for such services was duly presented to the executor of said estate pursuant to section 1496 of the, Code of Civil Procedure, on September 17, 1924, which claim was disallowed. This action was then commenced October 14, 1924. The defendant failed to demur or answer this second amended complaint within the ten days allowed by section 432 of the Code of Civil Procedure. On December 10, 1924, upon written demand, the clerk duly entered the default of the defendant. On the following day the defendant served and filed his answer. February 25, 1925, in spite of the answer which was filed subsequent to the entry of default, the clerk entered judgment by default against the defendant for the sum of $5,000. The action then lay dormant until October 14, 1925, when the defendant served and filed his notice of motion to set aside the default and judgment on the grounds of fraud and lack of jurisdiction. The fraud relied upon was set out in an affidavit of John L. Bisher, who was employed in the law firm of Andreani & Haines, which represented the defendant. The affidavit averred that on December 6, 1924, nine days after the service and filing of the second amended complaint, he met the plaintiff in the courthouse at Los Angeles and told him, "he was preparing an answer . . . which he would have ready (to serve and file) in a day or two, . . . but that he might require one or two days in addition to the ten days allowed by law in which to file the answer; . . . that he intended to demur to the com-

plaint, but would not do so provided he was given additional time in which to file his answer; that the said Jones then stated to affiant that he could have all the time he wanted in which to file his answer; . . . that he (Jones) had never defaulted an attorney, and did not intend to do so." The counter-affidavit of Mr. Jones admitted a conversation with the affiant Bisher on the date mentioned, but it categorically denied that any agreement was made to extend the time to answer; denied that any request was made for such an extension of time, or that the subject of extending the time was ever discussed between the parties. Other affidavits were filed by respective parties. The motion was duly presented, and on October 20, 1925, the court rendered its decision denying the motion to vacate the default and set aside the judgment.

Since more than six months elapsed after the entry of the default and judgment before application for relief was made, section 473 of the Code of Civil Procedure, affords no remedy. But where one who is not guilty of laches is prevented by means of extrinsic fraud from enjoying his day in court or presenting a valid defense to an action, equity will grant relief independently of the provisions of the statute. (*McGuinness* v. *Superior Court*, 196 Cal. 222 [40 A. L. R. 1110, 237 Pac. 42]; *Estudillo* v. *Security Loan etc. Co.*, 149 Cal. 556 [87 Pac. 19]; *California Beet Sugar Co.* v. *Porter*, 68 Cal. 369 [9 Pac. 313]; *Lapham* v. *Campbell*, 61 Cal. 296.)

With respect to the question as to whether the defendant was deceived by the alleged promise to extend his time to answer, and thereby suffered default, the affidavits of the respective parties are in direct conflict. In denying the motion to set aside the default and judgment the trial court necessarily passed upon this question adversely to the defendant. Under such circumstances the decision is controlling. The affidavit of Mr. Jones furnishes ample evidence in support of the court's implied findings of an absence of fraud. The rule is well established by numerous authorities to the effect that where the judgment or order of the trial court is supported by substantial evidence, although there may be a serious conflict, it will not

be disturbed on appeal. (2 Cal. Jur. 921, sec. 543, and cases there cited.)

The second amended complaint is indorsed as follows: "Received a copy of the within this 28th day of Nov. 1924, Andreani & Haines, attorneys for pltf." A clerical error was evidently made in designating these lawyers as attorneys for the plaintiff. Many documents in the record clearly establish the fact that this firm represented the defendant. The affidavit of Bisher, upon which the defendant relies, averred that "on November 29, 1924, plaintiff *served* and filed his second amended complaint." The record satisfactorily shows adequate service of the complaint.

After ten days have elapsed subsequent to personal service of a complaint, and no demurrer or answer has been filed by the defendant, on motion of the plaintiff, the default of the defendant must be entered. Section 432 of the Code of Civil Procedure provides: "If the complaint is amended, . . . a copy of the . . . amended complaint must be served upon the defendants affected thereby. The defendant must answer the . . . complaint as amended, within ten days after the service thereof, . . . and judgment by default may be entered upon failure to answer, as in other cases." Section 585 of the Code of Civil Procedure, subdivision 1, provides: "In an action arising upon contract for the recovery of money or damages only, if the defendant has been personally served and no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter must enter judgment for the amount demanded in the complaint. . . . "

■ Upon the failure of the defendant to answer the complaint within the time allowed by law, and upon the entry of default, in the absence of fraud, the right of the defendant to participate in the litigation is terminated, and the subsequent filing of an answer or demurrer on his part is unauthorized and void, unless upon proceedings duly had, the default is first set aside. ■ Upon the entry of default, where the action arises upon contract for the recovery of money or damages only, it becomes the duty of the clerk to enter judgment forthwith. This is a minis-

terial duty of the clerk, the failure to perform which may not prejudice the plaintiff. ▮ In the present case the filing of an answer in behalf of the defendant after his default had been duly entered, added nothing to his legal rights, nor altered his status in the case. Upon the entry of his default the defendant was out of court, and the filing of his answer was unauthorized and void. (*Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27]; *Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44 [120 Pac. 1066]; *W. H. Marston Co.* v. *Kochritz,* 80 Cal. App. 352 [251 Pac. 959]; *Gray* v. *Hall* (Cal. App.), 254 Pac. 911.) ▮ Nor is the conclusiveness of the judgment affected by the fact that an employee of the law firm which represented the plaintiff admitted service of the answer after the entry of the defendant's default.

The defendant relies on the case of *Lunnun* v. *Morris,* 7 Cal. App. 710 [95 Pac. 907], and cites it as conflicting with the rule announced in the case of *Christerson* v. *French, supra.* There is no conflict between these authorities. In the *Lunnun* v. *Morris* case the default of the defendant had not been entered at the time the answer was filed. The time allowed by law for answering had expired, but the answer was filed before default was entered. The court there said: " . . . where a party pleads before default entered, though out of time or without leave, if the plea be good in form and substance, his default cannot be entered while the plea stands." This doctrine does not aid the defendant in the present case.

The order and judgment are affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1928.

Preston, J., dissented.