(No. 6641.   July 9, 1939.)

HENRY B. KINGSBURY, Appellant, v. EDWIN J. BROWN, Respondent.

[92 Pac. (2d) 1053.]

Chas. E. Horning and F. C. Keane, for Appellant.

466

J. Ward Arney, for Respondent.

BUDGE, J.—January 18, 1938, appellant instituted this action against respondent, an attorney at law residing at Seattle, Washington, and others, seeking to recover from respondent $5,555.54 on account of certain moneys advanced respondent and certain payments due appellant under the terms of a contract entered into between appellant and respondent. Service of process was regularly had upon respondent. On February 15, 1938, respondent petitioned for the removal of the cause to the District Court of the United States and on February 16th appellant filed a *praecipe* for

default and a motion to strike the petition, which motion was denied, and on March 3d an order of removal was made.

On May 23, 1938, the District Court of the United States entered an order remanding the action to the state court, a certified copy of the order being filed in the office of the clerk of the state court on May 24, 1938. On the same day, May 24th, a *praecipe* for the default of respondent was filed in the office of the clerk of the lower court and default entered. On May 26th judgment was entered against respondent for $5,555.54.

On the day judgment was entered, May 26th, respondent caused to be filed a motion for an order vacating the default entered against him February 16th, and on May 31st filed a motion for an order vacating the default and judgment entered against respondent on May 26th.

June 2d the separate answer of respondent was lodged for filing with the clerk of the lower court. September 13th, 1938, the trial judge made an order, filed and entered September 15th, setting aside the judgment, vacating the defaults taken against appellant, and ordering the proposed answer and counterclaim or cross-complaint filed.

The single specification of error presented upon this appeal from the court's order of September 13th, is that the court erred in making the order by which the court ordered all defaults against respondent vacated; that the tendered answer and counterclaim be filed; that the restraining order against the issuance and levy of execution be continued; and, that the judgment entered in favor of appellant and against respondent be vacated and set aside.

Appellant urges the order of the court was erroneous and void in that there was no showing to justify the court in concluding default had been entered by reason of mistake, inadvertence or excusable neglect; that the time for answer expired long before September 15, 1938, and on February 16, 1938; and the record conclusively demonstrates that the judgment was taken against respondent by reason of his gross carelessness and culpable neglect.

Respondent in support of affirmance of the order of the trial court urges two main propositions: First, that appel-

lant waived the defaults by making general appearances, asking affirmative relief subsequent to the entry of the defaults; and, second, that this court favors trial upon the merits and disfavors technical default judgments, refusing to disturb an order of the trial court vacating a default judgment where a meritorious defense has been tendered and sound legal discretion has not been abused.

Respondent urges that whatever technical advantage may have been gained by the entry of the defaults, appellant by his own affirmative acts released such advantage. That is, that upon entry of default of February 16th appellant concurrently sought affirmative relief from the state court by moving on February 16th to strike the removal proceedings, and on July 6, 1938, moved to strike respondent's answer endorsed as filed on June 2, 1938, which was after the entry of the default on May 24, 1938. Respondent contends that in interposing both motions, appellant appeared generally, not by special appearance in either instance, thereby waiving the finality of the defaults and the judgment, relying upon the proposition that a party insisting he is not in court must keep out for all purposes except to make that objection, citing the following cases in support thereof: *Pingree Cattle Loan Co. v. Webb*, 36 Ida. 442, 211 Pac. 556; *Pittenger v. Al G. Barnes Circus*, 39 Ida. 807, 230 Pac. 1011; *American Surety Co. v. District Court*, 43 Ida. 589, 254 Pac. 515; *McDonald v. McDonald*, 55 Ida. 102, 39 Pac. (2d) 293. We fail to see any applicability of the foregoing cases to the situation herein. Such cases go purely to the question of jurisdiction and are to the effect that voluntary appearance by the defendant is equivalent to personal service of summons and that any appearance by which the defendant recognizes the case as pending, with jurisdiction of the subject matter and the parties, constitutes a general appearance and gives jurisdiction. The question here is not one of jurisdiction but whether appellant waived the default.

It appears to be well settled that the entry of a default against a defendant is merely a privilege which may or may not be exercised by the plaintiff and that not only may the right to a default be waived, but so may the default

itself after entry. However the authorities do not disclose that mere appearance generally after entry of default constitutes a waiver, but rather some act disclosing an implied or expressed intent to waive the default is required.

"Plaintiff will be held to have waived defendant's default where he voluntarily extends the time for defendant to plead, accepts a pleading filed out of time, files a replication to a pleading filed, or goes to trial without objection." (34 C. J., sec. 391, p. 177.)

"Not only may the right to a default be waived, but so may the default itself after entry. This waiver may be express or implied. A waiver results where the defaulted party *is permitted without objection* to raise and try issues admitted by the default. . . . . " (Emphasis inserted.) (14 Cal. Jur., sec. 20, p. 888.)

It has thus been held that after default the amending of the complaint as to a mere matter of form, and not in a matter of substance, does not open the default. (*San Diego Sav. Bk. v. Goodsell,* 137 Cal. 420, 70 Pac. 299; *Zierath v. Superior Court,* 35 Cal. App. 788, 171 Pac. 112; *Zierath v. Claggett,* 46 Cal. App. 15, 188 Pac. 837; *Price v. Skylstead,* 69 Mont. 453, 222 Pac. 1059.) In *Jones v. Moers,* 91 Cal. App. 65, 266 Pac. 821, the court said:

"Upon the failure of the defendant to answer the complaint within the time allowed by law, and upon the entry of default, in the absence of fraud, the right of the defendant to participate in the litigation is terminated, and the subsequent filing of an answer or demurrer on his part is unauthorized and void, unless upon proceedings duly had, the default is first set aside. . . . . In the present case the filing of an answer in behalf of the defendant after his default had been duly entered, added nothing to his legal rights, nor altered his status in the case. Upon the entry of his default the defendant was out of court, and the filing of his answer was unauthorized and void. *Christerson v. French,* 180 Cal. 523, 182 Pac. 27; *Title Insurance etc. Co. v. King etc. Co.,* 162 Cal. 44, 120 Pac. 1066; *Marston v. Kochritz,* 80 Cal. App. 352, 251 Pac. 951; *Gray v. Hall,* (Cal. App.) 254 Pac. 911. Nor is the conclusiveness of the judgment affected by the fact that

an employee of the law firm which represented the plaintiff admitted service of the answer after the entry of the defendant's default.''

Upon the filing of the default and default judgment, May 24, 1938, respondent was out of court, and the filing of his answer, June 2, 1938, was unauthorized and void, adding nothing to his legal rights. *Jones v. Moers, supra,* and cases therein cited. Appellant's motion to strike the unauthorized and void answer did not affect the conclusiveness of the default or the judgment.

It appears unquestioned that this court has heretofore determined that a litigant attempts to remove and removes a cause from the state to the federal court at his peril and if he makes no appearance in the state court prior to the time of such removal and his default is entered he cannot thereafter have such default vacated and the judgment set aside on the ground of mistake, inadvertence or excusable neglect. (*Morbeck v. Bradford-Kennedy Co.,* 19 Ida. 83, 113 Pac. 89; *State v. American Surety Co.,* 26 Ida. 652, 145 Pac. 1097, Ann. Cas. 1916E, 209; *Finney v. American Bonding Co.,* 13 Ida. 534, 90 Pac. 859, 91 Pac. 318; *Mills v. American Bonding Co.,* 13 Ida. 556, 91 Pac. 381; *Citizens Light, Power & Telephone Co. v. Usnik,* 26 N. M. 494, 194 Pac. 862; *McCanna v. Mutual Investment & Agency Co.,* 37 N. M. 597, 26 Pac. (2d) 231.) Respondent urges, however, that the attitude of this court as to opening defaults has changed since the 1921 amendment of section 5–905, I. C. A., stating in his brief ''The record of the Supreme Court (since 1921) in this respect is totally inharmonious with adherence to the technical doctrines of the *Morbeck v. Bradford-Kennedy* and *State v. American Surety* cases. Those doctrines are outmoded.''

Section 5–905, I. C. A., provides that the court may, upon timely application, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, or excusable neglect. The 1921 amendment to this section (then C. S., sec. 6726), made by chapter 235, 1921 Session Laws, did not so enlarge the grounds upon which a default could be vacated as to apply to the facts

herein. As stated in *Atwood v. Northern Pac. Ry. Co.,* 37 Ida. 554, 217 Pac. 600:

"The amendment . . . . refers only to a case where a judgment is taken through neglect or failure of an attorney. There was no neglect of an attorney in the present case and therefore the amendment has no application."

Respondent cites the case of *Dellwo v. Petersen,* 34 Ida. 697, 203 Pac. 472, 474, in support of the proposition that: "Since 1921 amendment of C. S., sec. 6726, (now sec. 5–905, I. C. A.), vacating defaults and trial of cases on merit have been universally ordered," which proposition can by no stretch of imagination be said to be based upon the decisions rendered by this court since 1921. In *Dellwo v. Petersen, supra,* the motion to vacate the default judgment was based upon the theory that the neglect resulting in the default was excusable, the opinion reciting in part:

"The original motion to vacate the judgment was supported by affidavits from which it appears that attorney Leeper's father was dangerously ill at the latter's home with pneumonia; that his sister was in a very critical condition, suffering from typhoid fever and was in one of the hospitals at Coeur d'Alene; that his grandmother was in a helpless and dying condition on October 5th and died on October 9th; that Mr. Leeper spent practically all of his time at his father's home or at the hospital, caring for the afflicted members of his family; that by reason thereof he did not attend to the business coming to his office from about September 21, 1919, until the November following; that the bond for costs was furnished him in ample time by appellant, but that due to the facts hereinabove recited, he neglected to file it.

"*Was this neglect such excusable neglect as would warrant the court in vacating the judgment of dismissal, and was the action of the court in refusing so to do an abuse of its discretion. . . . .*

"Leeper's showing was of such a serious nature as to entitle it to careful consideration, and would seem to be sufficient to create a reasonable doubt which should be resolved in favor of a trial of the case upon its merits."

The affidavit of respondent in support of his motion to vacate the defaults merely sets forth the record facts and recites that the answer was forwarded to the clerk on May 24, 1938, for filing, and does not attempt in any way to excuse or justify the failure to file the answer within the allowed time, reciting in conclusion:

"That affiant believes and states that in view of the foregoing facts, the default against the defendant Edwin J. Brown was improperly and illegally entered, and, in the alternative, that there having been no prejudice to the plaintiff herein, that the Court should, in its discretion, after notice to the plaintiff herein, allow on such terms as may be deemed just, the answer of the defendant to be filed herein, and to relieve this defendant from any judgment or order or proceeding or default taken against this defendant through the mistake, inadvertence, surprise or excusable neglect of this defendant . . . . "

What the mistake, inadvertence, surprise or excusable neglect of the respondent consisted of is not made to appear in any manner.

This court, since 1921, that is, in 1935, in *Occidental Life Ins. Co. v. Niendorf*, 55 Ida. 521, 44 Pac. (2d) 1099, reiterated the long-standing rule that an affidavit to set aside a judgment or default is insufficient to invoke or call into action the discretion of the court so as to enable it to vacate its judgment previously entered which merely states the judgment or order sought to be vacated was taken by oversight and inadvertence and does not state the facts and circumstances which it is claimed constitute the oversight and inadvertence.

"The grounds other than formal matters stated in the affidavit by plaintiff's attorney for setting aside the default and judgment are as follows: 'That by oversight and inadvertence of the plaintiff, this plaintiff has not sought, and did not in its complaint seek all the relief to which it was entitled and desires that said default and judgment be set aside and vacated in order that such relief may be sought in these proceedings.' This affidavit was insufficient to invoke or call into action the discretion of the court so as to

enable it to vacate its judgment previously entered. In an affidavit to set aside a judgment or default it is not sufficient to merely state that the judgment or order which it is sought to vacate was taken 'by oversight and inadvertence,' but must state the facts and circumstances which it is claimed constitute the oversight and inadvertence in order to set in action the judgment and discretion of the court, who must eventually determine whether or not there was such an 'oversight' or 'inadvertence' as is contemplated by the statute in order to justify entering the order sought. Such has been the uniform holding of this court throughout a long period of years. (*Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Holzeman & Co. v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Pease v. County of Kootenai*, 7 Ida. 731, 65 Pac. 432; *Western Loan etc. Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084; *In re Pittock's Estate*, 15 Ida. 47, 96 Pac. 212; *Culver v. Mountain Home Electric Co.*, 17 Ida. 669, 107 Pac. 65; *Hall v. Whittier*, 20 Ida. 120, 126, 116 Pac. 1031; *Day v. Burnett*, 38 Ida. 620, 224 Pac. 427, 429; *Ward v. Burley State Bank*, 38 Ida. 764, 225 Pac. 497, 498; *Savage v. Stokes*, 54 Ida. 109, 28 Pac. (2d) 900.''

In *Mason v. Pelkes*, 57 Ida. 10, 59 Pac. (2d) 1087, in which it was held that an order denying the motion to set aside a default and permit the mining company to answer and cross-complain was not erroneous, it is said:

''There is no contention that the mining company was not served with summons as by law provided, nor that its failure to appear, answer and cross-complain within the time prescribed by statute was due to mistake, inadvertence, surprise or excusable neglect. Its failure to do so was intentional.''

 The instant case must be likened unto *Mason v. Pelkes, supra,* in that respondent did not by affidavit or otherwise point out by what mistake, inadvertence, surprise or excusable neglect he failed to file his answer within time, and that the only conclusion that can be drawn from the facts and circumstances and respondent's affidavit is that he intentionally failed to answer within the time allowed, relying upon the thought that the cause would be tried by the federal court. An examination of the record can be said to disclose

no more than that if the failure to file the answer was not intentional the only excuse is a mistake of law made by an attorney, and this court has previously held that in order to vacate a default it is incumbent upon the defendant to show that his mistake is one of fact and not of law, and the neglect of a lawyer to familiarize himself with the law governing the practice of the forum wherein his case is pending cannot be held to be excusable. (*Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Valley State Bk. v. Post Falls etc. Co.,* 29 Ida. 587, 161 Pac. 242.) In fairness to Mr. Arney it should be observed that he did not appear in respondent's behalf herein until after the defaults had been entered.

The action of the trial court in setting aside a default is governed by sound, legal discretion, and where it appears that such discretion has been abused, the order setting aside a default will be reversed on appeal. (*Valley State Bk. v. Post Falls etc. Co., supra.*) In the instant case there was no mistake, inadvertence, surprise or excusable neglect made to appear and nothing to set in action the judgment and discretion of the court contemplated by the statute in order to justify the entering of the order setting aside the default, and it therefore must be reversed and it is so ordered. Costs awarded to appellants.

Givens and Holden, JJ., concur.

Ailshie, C. J., deeming himself disqualified did not sit at the hearing nor participate in the decision.

Morgan, J., by reason of illness, did not participate in the decision.

Petition for rehearing denied.