605 P.2d 503
**Ronald Arthur HENNEY,
Plaintiff-Appellant,**

v.

**Charlene Ann HENNEY,
Defendant-Respondent.**

No. 12924.

Supreme Court of Idaho.

Dec. 27, 1979.

Rehearing Denied Feb. 15, 1980.

Lowell N. Hawkes, Burnett, Woodland & Hawkes, Pocatello, for plaintiff-appellant.

Richard L. Harris, Caldwell, for defendant-respondent.

WALTERS, Judge Pro Tem.

The parties before the Court were originally married in 1963. On August 27, 1974, a divorce was obtained, but by September 9, 1974, the parties reconciled and remarried.

The complaint for divorce from which this appeal comes was filed by the appellant husband on December 29, 1976. A default decree of divorce was entered in magistrates division of the Third Judicial District on February 23, 1977, allowing appellant all of the relief he sought by his complaint. On June 3, 1977, the respondent wife, by order to show cause, sought to require the appellant to turn over to her certain mechanic tools awarded to her by the decree.

On July 19, 1977, the appellant filed a motion in the magistrates court, pursuant to I.R.C.P. 60(b), seeking redetermination of the settlement and award by the magistrate of the property in the divorce action. The appellant's motion was denied by order of the magistrate on July 28, 1977, and he appealed that decision to the district court.

A hearing was held in district court on the appeal on February 13, 1978, pursuant to I.R.C.P. 83(b), which resulted in the district court affirming the magistrate's decision. The district court concluded that the division of property in the divorce decree was "grossly unreasonable and unfair" to the appellant but found that this in itself was not sufficient basis for relief under I.R.C.P. 60(b).

Appellant asserts that relief under Rule 60(b) is available when: (1) division of property and community debts are "grossly unreasonable and unfair"; (2) a lawyer fails to follow his client's instructions or acts under a mistaken belief of law; or (3) the court fails to independently inquire as to a party's actual earning capacity.

Basically, the appellant seeks relief by arguing that by inadvertence on the part of his attorney and the magistrates court, the final decree allowed the wife to keep all of his mechanic tools, and awarded to the wife an excessive support obligation. The record reveals that in his complaint for divorce, the appellant prayed that the court award the tools to the respondent wife. Prior to the divorce hearing, the appellant personally obtained most of his tools from the residence where his wife was then living. The evidence also showed that on the day of the divorce hearing, appellant requested his then counsel to change the decree to award to him his mechanic tools. Counsel advised that the decree need not be changed since Mrs. Henney's allowing him to take the tools constituted a gift. Pursuant to the complaint and the testimony presented at the default hearing, the magistrate awarded the tools to the wife. Appellant asserts that his attorney was mistaken in his advice regarding the "gift" and that the failure of the attorney to request a change in the decree at the time of the divorce constituted neglect.

While a person may not generally excuse breach of a duty he owes to others on the ground that the fault was that of his agent, some courts have recognized an exception for a party who has been represented by an attorney committing an act of "gross neglect." Annot., 15 A.L.R. Fed. 193, at § 14 (1973). However, in a case in which the plaintiff did not move for relief under Rule 60(b), but sought reversal of a final judgment dismissing the action, the United States Supreme Court, in *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), held that responsibility lies with the litigant and that neglect on the part of the party's attorney is to be treated as the neglect of the litigant. The Court said:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955." 370 U.S. at 633–34, 82 S.Ct. at 1390.

In *Kingsbury v. Brown*, 60 Idaho 464, 92 P.2d 1053 (1939), a motion was filed to set aside a default judgment and vacate a judgment upon the ground that the movant, an attorney representing himself, had failed to file an answer, under the mistaken impression that the case would properly be removed to a federal forum. This Court reversed a grant of the motion, stating:

"The instant case must be likened unto *Mason v. Pelkes*, [57 Idaho 10, 59 P.2d 1087] *supra*, in that respondent did not by affidavit or otherwise point out by what

mistake, inadvertence, surprise or excusable neglect he failed to file his answer within time, and that the only conclusion that can be drawn from the facts and circumstances and respondent's affidavit is that he intentionally failed to answer within the time allowed, relying upon the thought that the cause would be tried by the federal court. An examination of the record can be said to disclose no more than that if the failure to file the answer was not intentional the only excuse is a mistake of law made by an attorney, and this court has previously held that in order to vacate a default it is incumbent upon the defendant to show that his mistake is one of fact and not of law, and the neglect of a lawyer to familiarize himself with the law governing the practice of the forum wherein his case is pending cannot be held to be excusable." 60 Idaho at 473–74, 92 P.2d at 1057.

*In Re Riedner,* 94 F.Supp. 289 (E.D.Wisc. 1950) involved a petitioner who sought relief pursuant to Rule 60(b) from a naturalization order previously entered, on the grounds of "mistake" and "excusable neglect." In holding that the petitioner would not be afforded protection under Rule 60(b) for a mistake of law, the court, citing *Kingsbury v. Brown, supra,* stated:

" 'Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them.

\*    \*    \*    \*    \*    \*

" 'The principle stated in this Section is applicable although the judgment was erroneous, either on the law or on the facts.' Restatement, Judgments, Sec. 1.

"Section 118(b) of the same authority says, in part: 'In order to prevent the retrial of every case where a claim of fraud or mistake can be made, equitable relief ordinarily will be denied in cases where the sole basis of relief is that the judgment was erroneous because of the error or ignorance by the court or of one of the parties, \* \* \* Equitable relief will be given only in a limited number of situations where the judgment was rendered after proceedings in which the present complainant was deprived of an opportunity of presenting adequately his claim or defense. \* \* \* '

. "And again, in Section 126(2)(e) of the same authority, the following appears: 'Although a judgment is erroneous and inequitable, equitable relief will not be granted to a party thereto on the sole ground that the judgment was the result of a mistake of law or of fact by the court or by the present complainant or his attorney.'

"It has been held in a number of cases that a mistake of law by an attorney will not support a motion for relief from a judgment upon the ground of mistake, inadvertence or excusable neglect; a mistake, to support such a motion, must be one of fact and not of law. *See, Kingsbury v. Brown,* 60 Idaho 464, 92 P.2d 1053, 124 A.L.R. 149 and the cases cited therein. Also, the case of *Gelin v. Hollister,* 222 Minn. 339, 24 N.W.2d 496, 502, 168 A.L.R. 195, 203, points out that, 'Judgments may be vacated on motion *where the ground therefor is something extraneous to the action of the court.*' (Emphasis supplied.)" 94 F.Supp. at 292–93.

Appellant seeks relief under Rule 60(b) by arguing that the final divorce decree was grossly inequitable and unfair, to wit, the net effect of the property and debt distribution was $244.00 to the appellant and $19,727.00 to the respondent.

"The right to have a judgment opened or set aside is not confined to the defendant or unsuccessful party. There are cases in which such relief may be obtained by the plaintiff or successful party. This rule has been applied even though the statute authorizing relief from a judgment, by its terms, referred to a judgment 'against' the moving party, pro-

vided the conditions and time limitations of the statute are fulfilled. *Thus, if a person is not granted all the relief to which he is entitled, or the property or money recovered is less than that for which he sued, he is as much entitled to move for the opening or vacating of the judgment as if he were the defendant."* 46 Am.Jur.2d, *Judgments* § 692 (1969). (Emphasis added.) (Footnotes omitted.)

■ It is established law in Idaho that a judgment by default may not differ in kind from or exceed in amount that prayed for in the plaintiff's demand for judgment; the trial court is without jurisdiction to enter a default judgment which differs in kind from or exceeds in amount that demanded in the prayer of the complaint. *Hayes v. Towles*, 95 Idaho 208, 506 P.2d 105 (1973).

■ Under the present facts, appellant filed his complaint, asking the Court for the exact property settlement which was granted. It was only after respondent sought to enforce the decree that appellant contested those terms by seeking equitable relief therefrom.

The appellant contends that prior to the divorce he was in a state of grave emotional distress and he had no desire to continue living, and therefore he fashioned his complaint to give all the property to his wife. The district court concluded that the appellant's request to give everything to his wife was a result of the appellant's desire that the divorce be completed as rapidly and early as possible, and not solely as a thought that he would not go on living. The court further concluded that the appellant was of sound mind at the divorce hearing, and competent in the legal sense, and freely and voluntarily consented to the divorce decree in the form in which it was entered.

We have reviewed the record of the proceeding below and find no reversible error on the part of the district court in denying relief to the appellant under I.R.C.P. 60(b). Judgment affirmed.

No attorney fees allowed; costs to respondent.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and BEEBE, J. Pro Tem., concur.