# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39378-2011

| | | |
|---|---|---|
| THOMAS R. TAYLOR, | ) | |
| | ) | Idaho Falls, May 2013 Term |
| Plaintiff-Appellant, | ) | |
| | ) | 2013 Opinion No. 62 |
| v. | ) | |
| | ) | Filed: May 23, 2013 |
| DAVID CHAMBERLAIN, D.O., an | ) | |
| individual; EASTERN IDAHO HEALTH | ) | Stephen W. Kenyon, Clerk |
| SERVICES, INC., an Idaho corporation d/b/a | ) | |
| Eastern Idaho Regional Medical Center; and | ) | |
| JOHN M. JACOBS, M.D., an individual, | ) | |
| | ) | |
| Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RUSS ROWBERRY, RNFA, an individual; | ) | |
| DIVYESH R. BHAKTA, M.D., an individual; | ) | |
| DAVID ONTIVEROS, M.D., an individual; | ) | |
| IHC HEALTH SERVICES, INC., a Utah | ) | |
| corporation d/b/a Cassia Regional Medical | ) | |
| Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Bonneville County. The Hon. Jon J. Shindurling, District Judge.

The judgment of the district court is <u>affirmed</u>.

Daniel K. Brough, Bennett Tueller Johnson & Deere, Salt Lake City, Utah, argued for appellant.

J. Michael Wheiler, Thomsen Stephens Law Offices, Idaho Falls, argued for respondent David Chamberlain.

Marvin K. Smith, Smith & Banks, Idaho Falls, argued for respondent Eastern Idaho Health Services, Inc.

John M. Avondet, Beard St. Clair Gaffney, Idaho Falls, argued for respondent John M. Jacobs.

EISMANN, Justice.

This is an appeal out of Bonneville County from a judgment dismissing a medical malpractice case without prejudice on the ground that the plaintiff had failed to show good cause for not serving the defendants with a summons and complaint within six months after the plaintiff filed this action. We affirm the judgment of the district court.

## I.

### Factual Background.

On January 20, 2011, Thomas R. Taylor (Plaintiff) filed this action seeking to recover damages for alleged medical malpractice. Pursuant to Idaho Code section 6-1001, he then filed a request for a prelitigation screening panel four days later. Such a panel is a compulsory condition precedent to litigating a medical malpractice claim against physicians and surgeons practicing in Idaho and against licensed acute care general hospitals operating in this state. *Moss v. Bjornson*, 115 Idaho 165, 167, 765 P.2d 676, 678 (1988); I.C. § 6-1001. The panel consists of a licensed physician appointed by the board of medicine, an administrator of a licensed acute care general hospital appointed by the board of medicine if there is a claim against a hospital, a licensed resident lawyer appointed by the commissioners of the state bar, and an adult citizen of Idaho who is not a lawyer, doctor, or hospital employee appointed unanimously by the other panelists. I.C. § 6-1002. Proceedings before the panel are closed to the public and are informal with no right to conduct discovery and no record being kept of the proceedings, I.C. § 6-1003; no applicable rules of evidence, I.C. § 6-1001; and no right to be present during the presentation by other parties, or to cross-examination, rebuttal, or other customary formalities of civil trials and court proceedings, I.C. § 6-1008. Parties may be, but are not required to be, represented by counsel. I.C. § 6-1009. The applicable statute of limitations is tolled from the filing of the request for a prelitigation screening panel until thirty days after it completes its work. *James v. Buck*, 111 Idaho 708, 709, 727 P.2d 1136, 1137 (1986); I.C. § 6-1005. At the conclusion of the proceedings, the panel provides the parties with an advisory, nonbinding report indicating their view of the merits of the matter. I.C. § 6-1004. The panel appointed regarding the alleged malpractice in this case conducted its proceedings and then issued its report on April 19, 2011.

2

Although Plaintiff filed this action on January 20, 2011, he did not attempt to serve the summons and complaint upon any of the Defendants within six months after filing the complaint as mandated by Rule 4(a)(2) of the Idaho Rules of Civil Procedure. That rule requires a trial court to dismiss an action against a party who is not served within that time period unless the party required to effectuate service shows good cause for the failure to do so timely. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997).

On August 16, 2011, defendant Eastern Idaho Health Services, Inc., filed a motion to dismiss this action as to it for the failure of Plaintiff to serve the summons and complaint upon it within the six-month period. On August 24, 2011, Plaintiff filed a motion asking the district court to stay this lawsuit "*nunc pro tunc* from January 24, 2011, to April 19, 2011, or, alternatively, to extend [Plaintiff's] deadline for serving all Defendants to this lawsuit from July 19, 2011, to October 12, 2011." On August 24, 2011, defendant David Chamberlain moved to dismiss this action against him for failure to serve him within the six-month period.

After the motions were heard, the district court entered an order on September 29, 2011, denying Plaintiff's motions and granting the motions to dismiss filed by Eastern Idaho Health Services and Dr. Chamberlain. On October 3, 2011, the court entered a partial judgment dismissing the complaint without prejudice as to these two Defendants.

On November 14, 2011, Plaintiff filed a notice of appeal. Because the partial judgment was not yet final due to the fact that there was no judgment resolving the claims against the remaining defendants, this Court issued a notice that the appeal would be dismissed. On December 11, 2011, the district court entered an amended judgment dismissing this action without prejudice as to all Defendants. Plaintiff then filed an amended notice of appeal timely appealing both the initial judgment and the amended judgment.

## II.
### Did the District Court Err in Applying the Good-Cause Standard Set Forth in Rule 4(a)(2) Instead of the Excusable-Neglect Standard Set Forth in Rule 6(b)?

Rule 4(a)(2) of the Idaho Rules of Civil Procedure provides that an action shall be dismissed without prejudice as to a party who is not served with the summons and complaint within six months of the filing of the complaint, unless the party required to make such service

3

can show good cause why service was not made within that time period.[1] "[T]he determination of whether good cause exists is a factual one. . . . Because this is a factual determination, the appropriate standard of review is the same as that used to review an order granting summary judgment." *Sammis*, 130 Idaho at 346, 941 P.2d at 318.

"By its terms, Rule 4(a)(2) imposes the burden of demonstrating good cause on the party who failed to effect timely service . . . ." *Id.* To show good cause, such party must present sworn testimony by affidavit or otherwise setting forth facts that show good cause for failing to serve the summons and complaint timely. As we held long ago in similar cases, a party seeking relief based upon mistake, inadvertence, surprise, or excusable neglect must provide an affidavit or other sworn testimony that sets forth facts that are claimed to constitute such mistake, inadvertence, surprise, or excusable neglect so that the trial court can determine whether those facts meet the required standard for granting the relief. *Kingsbury v. Brown*, 60 Idaho 464, 472-73, 92 P.2d 1053, 1056-57 (1939); *Occidental Life Ins. Co. v. Niendorf*, 55 Idaho 521, 525-26, 44 P.2d 1099, 1100 (1935); *Hall v. Whittier*, 20 Idaho 120, 126-27, 116 P. 1031, 1033 (1911).

In this case, Plaintiff did not present any sworn testimony to the district court setting forth facts in an effort to show good cause. He merely presented argument unsupported by facts in the record. He contended that he thought the litigation would be automatically stayed pursuant to Idaho Code section 6-1006, which would have given him more time to serve the summons and complaint on the Defendants, and that he was unaware of this Court's decision to the contrary in *Rudd v. Merritt*, 138 Idaho 526, 66 P.3d 230 (2003).[2]

Because Plaintiff did not to present any sworn testimony alleging facts that he contends constituted good cause for failing to serve the Defendants timely, he failed to even create a record upon which the issue of good cause could have been presented to the district court. It was

---

[1] Rule 4(a)(2) states:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days notice to such party or upon motion.

[2] In *Rudd* we held that if a party chooses to file a lawsuit before the prelitigation screening proceedings are concluded, Rule 4(a)(2) requires the party to serve the summons and complaint upon the defendants within six months after the complaint was filed, 138 Idaho at 530, 66 P.3d at 234, and that there is nothing in Idaho Code section 6-1006 that automatically tolls the running of the period within which the summons and complaint must be served, *id*. at 531, 66 P.3d at 235.

his burden to do so. Absent even an attempt to put facts in the record explaining why Plaintiff failed to serve the Defendants timely, the only conclusion that the district court could have reached was that there was no good cause. As we stated in *Kingsbury*, in reversing the order of the district court setting aside a default judgment against the respondent based upon his affidavit that did not state any facts attempting to excuse or justify his failure to file an answer timely, "[T]he only conclusion that can be drawn from the facts and circumstances and respondent's affidavit is that he intentionally failed to answer within the time allowed." 60 Idaho at 473, 92 P.2d at 1057.

Plaintiff argued in the district court that pursuant to Rule 6(b) he should only have been required to show excusable neglect. The district court ruled to the contrary, and Plaintiff challenges that ruling on appeal. Rule 6(b) provides that when the rules of civil procedure require that an act be done within a specified time, the court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."[3] However, because Plaintiff failed to put in the record any sworn facts regarding the reason he failed to serve the Defendants timely, he has not even presented a record from which it could be determined whether there was excusable neglect, even if that standard were applicable.

For future guidance, however, we will address Plaintiff's argument that the excusable-neglect standard in Rule 6(b) should apply rather than the good-cause standard in Rule 4(a)(2). In making this argument, Plaintiff relies upon the last clause in Rule 6(b) stating that "the time may not be extended for taking any action under rules 50(b), 52(b), 59(b), (d), (e), and 60(b) except to the extent and under the conditions stated in them." He argues that if the excusable-neglect standard in Rule 6(b) was not intended to apply to Rule 4(a)(2), then that rule should also have been listed in this clause.

---

[3] Rule 6(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the parties, by written stipulation, which does not disturb the orderly dispatch of business or the convenience of the court, filed in the action, before or after the expiration of the specified period, may enlarge the period, or the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but the time may not be extended for taking any action under rules 50(b), 52(b), 59(b), (d), (e), and 60(b) except to the extent and under the conditions stated in them.

5

Each of Rules 50(b), 52(b), 59(b), (d), (e), and 60(b) states a specific time period within which to file the motion provided for in the rule, but none of these rules provides a standard for being excused from the failure to file the motion timely. The quoted portion of Rule 6(b) merely provides that excusable neglect is not a sufficient justification for failing to file a timely motion under these rules listed in the last clause. Rule 6(b) merely provides that, as a general rule, excusable neglect is a sufficient ground for extending the time to perform an act that was not done within the time specified by rule, with the exception of the six rules listed. However, the excusable-neglect standard in Rule 6(b) does not apply to Rule 4(a)(2).

Rule 4(a)(2) sets forth a specific standard for being excused from the requirement of serving a summons and complaint upon a defendant within six months after the complaint was filed. The party required to effectuate service must show good cause for failing to serve the defendant timely. Excusable neglect is a lesser standard than good cause. *Sammis*, 130 Idaho at 347, 941 P.2d at 319. To apply the Rule 6(b) standard to Rule 4(a)(2) would effectively eliminate the good-cause standard from the latter rule. Rule 4(a)(2) is a specific rule stating the standard required to justify the failure to serve a defendant timely, while Rule 6(b) is a general rule. "[T]he general rule may not be used to avoid the specific rule." *Fragnella v. Petrovich*, 153 Idaho 266, 275, 281 P.3d 103, 112 (2012); *accord Ausman v. State*, 124 Idaho 839, 842, 864 P.2d 1126, 1129 (1993). Therefore, Rule 6(b) cannot apply to Rule 4(a)(2). If there is not good cause for the failure to serve a defendant with the summons and complaint within six months after the complaint was filed, Rule 4(a)(2) states that "the action *shall be dismissed* as to the defendant without prejudice." (Emphasis added.)

We also note that Plaintiff's asserted excuse for not serving the Defendants timely would have failed, even if it had been supported by facts in the record and even if the applicable standard was excusable neglect. As we stated in *Sammis*:

> In their briefing before this Court, the Sammises argue that we should consider "good cause" in Rule 4(a)(2) as synonymous with "excusable neglect." Even if this were the applicable standard, we have held that ignorance of procedural requirements goes beyond excusable neglect: "[A pro se litigant's f]ailure to be aware of the requirements of procedural rules does not constitute excusable neglect." Thus, even under this more relaxed standard, the Sammises' pro se status does not excuse their failure to comply with the time limitations in Rule 4(a)(2).

6

130 Idaho at 347, 941 P.2d at 319 (citation omitted). If ignorance of the requirements of procedural rules does not excuse a pro se litigant's failure to comply with Rule 4(a)(2), it certainly does not excuse the failure of a party represented by counsel to do so.

## III.
### Did the District Court Err in Denying Plaintiff's Motion to Stay the Proceedings *Nunc Pro Tunc* Effective January 24, 2011?

Idaho Code section 6-1006 states, "During said thirty (30) day period [after the prelitigation screening panel has issued its report] neither party shall commence or prosecute litigation involving the issues submitted to the panel and the district or other courts having jurisdiction of any pending such claims shall stay proceedings in the interest of the conduct of such proceedings before the panel." On August 24, 2011, Plaintiff filed a motion asking the district court to stay this lawsuit "*nunc pro tunc* from January 24, 2011, to April 19, 2011." The district court denied the motion, and Plaintiff contends on appeal that it erred in doing so.

Plaintiff argues that section 6-1006 does not provide any deadline for requesting a stay and, when requested, the district court was required to order a stay of the court proceedings *nunc pro tunc*. Plaintiff is wrong on both counts.

Idaho Code section 6-1006 only provides for a stay of the court proceedings while the matter is pending before the prelitigation screening panel and for thirty days thereafter. Once that time period has run, the statute does not provide any basis for granting a stay. The panel completed its work on April 19, 2011, when it issued its report, and the following thirty-day period ended on May 19, 2011. Plaintiff did not file his request for a stay until August 24, 2011. Thus, when Plaintiff filed his motion, the time for granting a stay under section 6-1006 had already expired.

The district court could not have granted Plaintiff a stay *nunc pro tunc*, in essence pretending that Plaintiff had timely requested a stay and it had been granted. A judgment or order can be entered *nunc pro tunc* only to correct what the court intended to do, but failed to do as a result of the court's accident, excusable oversight, or mistake. *Weaver v. Searle Bros.*, 131 Idaho 610, 615, 962 P.2d 381, 386 (1998); *Westmont Tractor Co. v. Estate of Westfall*, 112 Idaho 712, 715, 735 P.2d 1023, 1026 (1987); *Annest v. Conrad-Annest, Inc.*, 107 Idaho 468, 470, 690 P.2d 923, 925 (1984). The court cannot enter an order or judgment *nunc pro tunc* to correct an

7

error made by a party. *Westmont*, 112 Idaho at 715, 735 P.2d at 1026. Because no motion for a stay had been timely made to the district court, the failure to stay the proceedings was obviously not the result of the court's error.

It is not necessary to file a lawsuit before the prelitigation screening panel completes its work in order to prevent the running of the statute of limitations. Idaho Code section 6-1005 tolls the running of the statute of limitations from the time that the request for a prelitigation screening panel is filed with the board of medicine until thirty days after the panel completes its work. If a plaintiff chooses not to rely upon the tolling of the statute of limitations by section 6-1005 and files a lawsuit to prevent the running of the statute of limitations, the plaintiff must serve the summons and complaint upon the defendant(s) within six months after the complaint was filed. *Rudd*, 138 Idaho at 530, 66 P.3d at 234. Rule 4(a)(2) is mandatory. "We have never held that service of process cannot be accomplished while a matter is pending before the prelitigation screening panel." *Elliott v. Verska*, 152 Idaho 280, 289, 271 P.3d 678, 687 (2012). Indeed, in *Moss* we held that dismissal of a medical malpractice lawsuit was not mandated where the plaintiff had filed the lawsuit before requesting a prelitigation screening panel, even though Idaho Code section 6-1001 stated that the prelitigation screening panel was "compulsory as a condition precedent to litigation." 115 Idaho at 167, 765 P.2d at 678. We held that "while filing with the screening panel is a condition precedent to *proceeding* with district court litigation, such as filing interrogatories or setting trial dates, it is not a condition precedent to filing an action in order to toll the statute of limitations." *Id*. Serving the summons and complaint upon the defendant(s) is not proceeding with the litigation as contemplated in *Moss*. Had Plaintiff served the Defendants before the prelitigation screening panel had completed its work, the worst that could have happened is that the district court would have stayed the court proceedings until after the panel had completed its work and for thirty days thereafter. Even if Plaintiff had thought he should wait until thirty days after the panel issued its report before serving the Defendants with a summons and complaint, he had from May 19, 2011, until July 20, 2011 to do so, but did not even attempt service during that time.

## IV.
## Is Any Party Entitled to an Award of Attorney Fees on Appeal?

8

Each of the parties requests an award of attorney fees on appeal pursuant to Idaho Code section 12-121. We will award attorney fees on appeal under that statute to a prevailing party if the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Because Plaintiff did not prevail on appeal, he is not entitled to an award of attorney fees. *Rudd*, 138 Idaho at 533, 66 P.3d at 237. We decline to award attorney fees to a prevailing respondent unless the entire appeal was brought frivolously, unreasonably, or without foundation. *Id*. In this case, we decline to award attorney fees to the Defendants because we do not view Plaintiff's argument regarding the interrelationship between Rules 4(a)(2) and 6(b) as being frivolous, unreasonable, or without foundation. The parties litigated that issue, and none of the Defendants raised the issue of the lack of sworn facts in the record to even present an issue of good cause or excusable neglect.

Dr. Jacobs argues that he is entitled to an award of attorney fees because the district court dismissed this action as to him when it filed the amended judgment, he had never filed a motion to dismiss, and the record does not disclose why the district court dismissed the case as to him. He contends that Plaintiff did not present any argument challenging the district court's *sua sponte* dismissal of the action as to him without notice, nor has Plaintiff presented a record showing why that dismissal was error because he never asked the district court to provide a reason for the dismissal. Dr. Jacobs argues in his brief, "Taylor just lumps Jacobs in with Chamberlain and EIRMC when there is no reason to do so."

It is obvious that the district court dismissed this action as to Dr. Jacobs because he had not been served with a summons and complaint within six months after the complaint was filed. There is no other logical reason for the district court to have done so, and Dr. Jacobs does not posit one. Rule 4(a)(2) states that when there is no good cause for failing to serve a defendant within six months after the complaint was filed, "the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days notice to such party or upon motion." Although the district court should have given Plaintiff fourteen days' notice before dismissing Dr. Jacobs, the court obviously believed that Plaintiff could not show good cause for failing to serve Dr. Jacobs timely, which was confirmed by Plaintiff's failure to object to the lack of notice and to raise that issue on appeal. In his brief, Plaintiff lumped all three

Defendants together in his arguments. The relevant facts regarding the dismissal of Dr. Jacobs are obviously the same as those regarding the dismissal of the other two Defendants.

## V.
## Conclusion.

We affirm the judgment of the district court. We award respondents costs on appeal, but not attorney fees.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**