### CONKLIN *et al.* v. JOHNSON.

PRACTICE: APPLICATION TO SET ASIDE DEFAULT. The filing, within the time specified, of a motion in the clerk's office by a defendant served by publication, to have the cause retried, is a sufficient compliance with section 3160 of the Revision, which provides that the defendant may, within two years from the rendition of the judgment, "*appear in court* and move to have the action retried."

### *Appeal from Benton District Court.*

### THURSDAY, JUNE 20.

PLAINTIFFS brought an action against L. B. Norton and L. W. Johnson, in the Benton district court, for the March term, 1869.

The original notice was served personally on Norton, who was a resident of the county, and by publication on Johnson who was a non-resident of the State.

Judgment was rendered against Johnson at the March term, 1869.

At the October term, 1870, Johnson appeared by attorney and filed a motion to set aside the judgment, and for a retrial of the cause as to him. The district court refused to entertain the motion until ten days notice thereof should be given the plaintiffs.

On the 15th day of February, 1871, a formal notice in writing was duly served upon plaintiffs, notifying them that, at the next term, defendants would file a motion and ask that the judgment be set aside, and on the 18th day February, 1871, a written motion to set aside the judgment and to permit Johnson to defend the action on its

merits was filed with the clerk. On the 7th day of March, 1871, in open court, this last motion was heard and granted. The plaintiffs at the time objecting to the hearing of said motion, excepted, and appeal from the ruling thereon.

*C. H. Conklin* and *John McCartney, pro se.*

*E. R. Ware* and *Shiras, Van Duzee & Henderson* for the appellee.

MILLER, J. — It is insisted by the appellants that the court erred in hearing and sustaining appellee's motion to set aside the judgment. They argue that, on the 7th day of March, 1871, when the motion was heard, being more than two years after the rendition of the judgment, the same could not be legally entertained against their objection.

The statute (section 3160 of the Revision of 1860), provides that, " when a judgment has been rendered against a defendant, or defendants, served by publication only, and who do not, or any one or more of them, appear, such defendants, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment; appear in court and move to have the action retried, and security for costs being given, they shall be admitted to make defense."

It is insisted by appellants that this section required the defendant to appear in *open court* and make his motion within two years; that the *appearance* in *open court* must be within the two years.

The motion was filed with the clerk, and notice thereof served on the plaintiffs, prior to the expiration of two years from the date of the judgment, but before the motion was heard in *open* court, a few days more than two years had elapsed. Indeed, the time expired before the commencement of the term of court. We are of opinion that the motion was made in time, one of the methods of

making an appearance in court is by delivering to the clerk or the plaintiff a memorandum to the effect that the defendant appears. Rev., § 2840. The paper filed need not, *in terms*, state that the defendant appears. If he files an answer, or a demurrer, or a motion in the action, the "effect" is that he appears. But, appellants claim that this is but an appearance in the *action*, and not an appearance in *court*. It is difficult to discover how a defendant could appear in an action, without appearing in court. The action being in court, it seems too clear for argument that an appearance in the action is an appearance in court. It is not necessarily an appearance in *open* court, but the section of the statute above set out, does not provide that the defendant shall appear in *open* court. When a defendant is served with an original notice in the manner provided by the statute, he is deemed "in court." Without being thus served, he will be deemed in court to all intents and purposes, as if duly served with notice, by filing in the clerk's office an answer, demurrer or motion in the action. See Revision of 1860, § 2840; *Hale* v. *Van Saun & Hunt*, 18 Iowa, 16.

The defendant appeared in court within the meaning of the statute, by appearing in the action. This he did by filing his motion with the clerk, and serving notice thereof on the plaintiffs. Such appearance was, within the two years, prescribed by the statute.

The order of the district court is, therefore,

Affirmed.