JOHN NORNBORG v. OLE LARSON.[1]

October 18, 1897.

Nos. 10,711—(35).

**Judgment of Municipal Court—Vacating—Seasonableness of Application.**

Sp. Laws 1891, c. 53, § 19, subd. 5, provides: "Defaults may be opened and judgments and orders set aside or modified, for good cause shown, within thirty days after the party affected thereby shall have notice or knowledge of the same." Judgment was rendered against the garnishee, and notice of the fact given to him on February 27. On March 28 he moved the court to set aside the judgment, and for leave to make a further disclosure. The court granted him leave to make a further disclosure on a day named, but ordered that, in the meantime, the judgment should stand, and that no execution should issue on it pending the further disclosure. After the additional disclosure had been made, the garnishee obtained an order on the plaintiff, returnable May 11, to show cause why, upon such disclosure, the judgment should not be set aside. *Held*, conceding, without deciding, that, under the statute, the court has no power to set aside a judgment, unless the application for relief is made within 30 days after the party has notice of the same, that in this case the application was seasonably made. The order to show cause of May 11 was, in effect, merely calling up the motion of March 28 for the determination of that part of it which had been left in abeyance and undecided by the former order.

Appeal by Louis Frost, garnishee, from an order of the municipal court of Duluth, Edson, J., denying the garnishee's motion to set aside a judgment against him. Reversed.

*Eric L. Winje,* for appellant.

*R. D. Silliman,* for respondent.

MITCHELL, J.

Upon the disclosure of the garnishee that he was indebted to the defendant in the sum of $21.51, judgment was rendered against him for that amount, and notice of the fact given him on February 27.

Upon affidavits that the money due from him to defendant was for his wages as a laboring man, for services rendered within 90

---

[1] Reported in 72 N. W. 564.

days preceding the issuing of the garnishee summons, and consequently exempt, and alleging facts tending to excuse his omission to so state in his disclosure, the garnishee, on March 28, made a motion that the judgment against him be set aside, and that he be allowed to make a further disclosure. The court ordered that he might make a further disclosure on April 4, but that, in the meantime, the judgment "remain intact, but that no execution can be issued on the same pending the further disclosure." The garnishee made the further disclosure, which showed that the money which he owed the defendant was in fact exempt. Upon this disclosure the garnishee, on May 9, obtained an order on plaintiff to show cause on May 11 why the judgment against the former should not be set aside. On the hearing the court discharged the order to show cause, on the sole ground that, as more than 30 days had elapsed since the garnishee had notice of the entry of judgment against him, the court had no power to set aside the judgment, but stating that, if he had any discretion in the matter, he would have unhesitatingly set it aside. From this order the garnishee appealed.

The statute upon which the court based his decision is subdivision 5, § 19, of chapter 53, Sp. Laws 1891, which reads as follows:

"Defaults may be opened and judgments and orders set aside or modified, for good cause shown, within thirty days after the party affected thereby shall have notice or knowledge of the same."

The only question raised or argued by counsel is as to the construction and application of this provision of statute; counsel for appellant claiming that it has no application to a case like the present, while counsel for respondent claims that it does apply, and that under its provisions the municipal court has no power or authority, under any circumstances, to relieve from a default or open a judgment after the expiration of the 30 days provided for. Conceding, without deciding, that the contentions of respondent's counsel are correct, we are of opinion that, upon the facts, the application of the appellant to have the judgment set aside was seasonably made. The motion of March 28 was certainly in time, and asked for full relief. The effect of the order of the court entered on

that motion was to grant part of the relief asked for, and, as to the remainder, not to deny it, but to leave the granting or refusing of it in abeyance, depending on the nature of the garnishee's further disclosure. The subsequent order to show cause amounted, in substance, to nothing more than calling up the original motion, for the determination of that part of it which had been left in abeyance and undetermined by the first order. In any view of the case, the statute ought not to receive so harsh and unreasonable a construction as to deprive the court of the power to make the order relieving from a default or opening a judgment after the expiration of the 30 days, when the application is made within that time.

As the judge has never exercised his discretion, but discharged the order to show cause solely because of his supposed want of power to grant any relief, the order repealed from must be reversed, and the cause remanded for further proceedings.

As no point is made either as to the right of the garnishee to raise the question of the exemption of the money, or as to the sufficiency of his reasons for not doing so in his original disclosure, we have not considered these questions.

Order reversed.