WILLIAM J. PARKER v. PINE TREE LUMBER COMPANY.[1]

June 12, 1903.

Nos. 13,377—(56).

### Contributory Negligence.

It is held in this, a personal injury action, that the trial court rightly dismissed the action at the close of the plaintiff's case, for the reason that it conclusively appeared from the evidence that the plaintiff was guilty of contributory negligence.

Action in the district court for Morrison county to recover $2,000 for personal injuries. The case was tried before Searle, J., who, upon the conclusion of plaintiff's evidence, granted defendant's

[1] Reported in 95 N. W. 323.

motion to dismiss the action. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*J. N. True* and *F. W. Lyon*, for appellant.

*Lindbergh & Blanchard*, for respondent.

START, C. J.

The accident out of which this action arose occurred October 3, 1895, in the defendant's sawmill at Little Falls. The plaintiff was injured by an alleged defect in a trimmer which he was operating, and brought this action to recover damages therefor. The first trial of the action resulted in a verdict for the plaintiff, which was set aside, and a new trial granted by the district court. The second trial also resulted in a verdict for the plaintiff, but upon appeal to this court it was held that it conclusively appeared from the evidence that the plaintiff was guilty of contributory negligence precluding a recovery of damages, and the order denying a new trial was reversed. Parker v. Pine Tree Lumber Co., 85 Minn. 13, 88 N. W. 261. On the third and last trial of the action the district court, when the plaintiff rested his case, dismissed the action on motion of the defendant, and the plaintiff appealed from an order denying his motion for a new trial.

The facts of this case, with one exception, are fully stated in the opinion of this court on the former appeal, and reference thereto is made for a statement of the facts. The exception relates to the time when the plaintiff first learned that he could tell, by stepping on the trip, whether or not it operated properly, and the saw dropped below the surface of the table. He testified on the second trial that he did so know (see 85 Minn. 17, 88 N. W. 261), but on the last trial he testified that he first acquired such knowledge the next summer after he was injured. It is here urged on behalf of the plaintiff that, because it affirmatively appears on this appeal that he did not learn of such fact until after he was injured, it so differentiates this appeal from the former one that it cannot now be held, as a matter of law, that, he was guilty of contributory negligence. We have considered the record with particular reference to this claim, and have reached the conclusion that upon the record as it now stands it conclusively appears that the plaintiff

was guilty of contributory negligence, and that the district court did not err in dismissing the action.

It is also urged that the court erred in its rulings in not permitting the plaintiff to answer certain questions propounded to him. We do not examine the alleged errors, for the reason that no exceptions to the rulings were reserved on the trial, nor were they specifically designated in the notice of motion for a new trial. The only attempt to do so was in these words:

"Fourth. Errors in law occurring at the trial in refusing evidence offered at the trial by the plaintiff, all of which appear in the actions of the court in sustaining the objections of defendant, as shown by the record and proceedings in said action."

This was not sufficient. Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368.

Order affirmed.