## W. T. DE COSTER v. G. O. JORGENSON.[1]

June 22, 1917.

Nos. 20,334—(120).

**Judgment vacating default.**

Default judgment entered on September 30. Motion on November 8 of the following year to set it aside on the ground that it was taken through defendant's mistake, inadvertence, surprise or excusable neglect. *Held*: There was not such a showing of excusable neglect as to require a holding that the court abused its discretion. The evidence warranted the court in finding that defendant had no notice of the judgment until less than a year before making the motion, and the relief was not barred by laches. [Reporter.]

Action in the district court for Cottonwood county to recover $1,398 for services rendered by a physician. From an order, Nelson, J., vacating the judgment by default and granting defendant leave to answer, the assignee of plaintiff appealed. Affirmed.

*N. L. Glover*, for appellant.
*Seager & Seager*, for respondent.

PER CURIAM.

Plaintiff's assignee appeals from an order granting a motion of defendant to set aside a default judgment obtained against him by plaintiff, and to permit defendant to answer. The judgment was entered September 30, 1915, and the motion by defendant under G. S. 1913, § 7786, to set it aside on the ground that it was taken against him through his mistake, inadvertence, surprise or excusable neglect was made November 8, 1916. The principal grounds upon which a reversal is asked are: (1) That the court below abused its discretion in granting the relief; (2) that there was no authority under section 7786 to relieve defendant from this judgment because the motion was not made within one year after notice of the judgment.

The case made in support of the relief asked was not a strong one, but a majority of the court think that the showing of mistake or excusable neglect was sufficient to prevent our saying that the trial court abused its discretion, that the evidence warranted the court in finding that defend-

[1]Reported in 163 N. W. 1069.

ant had no notice of the judgment until less than one year before the motion was made, and that the relief is not barred by laches or lack of diligence in moving for it.

Order affirmed.