# RAYMOND A. KELLY v. HERBERT B. McKEOWN.[1]

## February 8, 1918.

## No. 20,657.

**What errors reviewable on appeal from order denying new trial.**

1. Upon appeal from an order denying a new trial, a party cannot take advantage of any errors occurring on the trial and not excepted to, unless he specifies them in his notice of motion.

**Refusal to give instructions to jury.**

2. Requests to instruct the jury, made by plaintiff, considered and *held* to have been properly refused, under the issues and proof in the case.

**Contributory negligence question for jury.**

3. Evidence considered and *held* to have justified the trial court in submitting the question of decedent's contributory negligence to the jury, and the evidence sustains the verdict.

Action in the district court for Hennepin county by the administrator of the estate of Maurice Kelly, deceased, to recover damages for his death. The answer alleged that deceased, without warning and contrary to the rules of the road and ordinances of St. Paul and laws of Minnesota, carelessly and negligently turned sharply to the left and immediately in the pathway of defendant's automobile, and by reason thereof his death was due to his own carelessness; that he was a bright active boy and knew the rules of the road and was familiar with the operation of automobiles at the place where the collision occurred. The case was tried before Molyneaux, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*John F. Kelly,* for appellant.

*Trafford N. Jayne,* for respondent.

[1]Reported in 166 N. W. 329.

QUINN, J.

This is an action to recover damages, for the exclusive benefit of the next of kin, for the death of Maurice Kelly, a boy between 10 and 11 years of age, alleged to have been caused by the wrongful act of defendant. In the court below there was a verdict for the defendant. From an order denying his motion for a new trial plaintiff appealed.

The motion for a new trial was based upon the minutes of the court and the assignments of error contained in the notice of motion. A case was thereafter made and settled. The plaintiff took no exception to any ruling of the court at the trial, except its refusal to instruct the jury as plaintiff requested, nor did he specify or point out any particular alleged error in his assignments as required by G. S. 1913, § 7830. Under this statute it has been held by this court in numerous decisions that, on a motion for a new trial, a party cannot take advantage of any errors occurring on the trial and not excepted to, unless he specifies them in his notice of motion. Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368; Olson v. Berg, 87 Minn. 277, 91 N. W. 1103; Parker v. Pine Tree Lumber Co. 89 Minn. 500, 95 N. W. 323; Conan v. City of Ely, 91 Minn. 127, 97 N. W. 737.

The assignments of error in the notice of motion which appears in the printed record are as follows:

"First. The court did not submit to the jury the issues raised by the pleadings nor instruct the jury as to the law concerning said issues, hence there was no trial of said issues.

"Second. For errors of law occurring at the trial of said cause: (1) In the court's instructions to the jury; (2) in not submitting to the jury the issues raised by the pleading; (3) in instructing the jury concerning contributory negligence; (4) in not stating all the law regulating the speed of automobiles and explaining the same; (5) in refusing to instruct the jury as plaintiff requested.

"Third. The verdict is not justified by the evidence.

"Fourth. The verdict is contrary to law.

"Fifth. Accident or surprise which could not have been prevented by ordinary prudence.

"Sixth. Irregularity and abuse of discretion depriving plaintiff of fair trial."

The only assignments of error which we are permitted to consider are, the refusal of the court to give the plaintiff's requested instructions, and whether the verdict is justified by the evidence.

It appears that University avenue extends from Minneapolis in a southeasterly direction toward St. Paul, and that Eustis street extends due north and south across University avenue. The deceased was riding a bicycle and stopped about 70 feet west of the southwest corner of the intersection of University avenue and Eustis street at the curb near an iron electric post to adjust his bicycle. At this time defendant was coming from the direction of Minneapolis in an automobile, driving between the street car track and the south curb on University avenue, at a speed of from 20 to 25 miles an hour. As he approached Eustis street his left wheel was at or near the south car track when decedent mounted his wheel near the south curb where he had been adjusting it, and started southeast toward Eustis street; then he turned to the left to cross over the avenue and came in contact with the defendant's automobile. He was thrown to the pavement, his skull fractured and his death resulted immediately.

The witness Tsiolis, called by the plaintiff, testified in substance that he was less than a block away and saw the accident; that the defendant was coming down the avenue at about 25 miles an hour; that his left wheel was at or near the south car track; that when he first saw the boy he was about 15 feet ahead of the automobile between it and the south curb; that the boy turned to the left, and as soon as he made the turn he was struck by the automobile.

The witness Sawyer, called by plaintiff, testified that he saw the accident; that he first noticed the defendant coming along toward Eustis street at a speed of about 25 miles an hour; that the boy was on his bicycle "making a turn toward the corner gradually, then he seemed to turn awful quick, not a sharp turn, but a gradual turn toward the left;" that he was working his bicycle to go across to this side and McKeown was coming down behind him; that when the boy was making the turn to the left McKeown's automobile was also turning to the left toward the street car tracks trying to avoid the boy.

Other witnesses gave testimony along this same line as to how the

accident occurred. The testimony made a clear case for the jury as to contributory negligence on the part of deceased.

The trial court submitted to the jury the question of negligence on the part of the defendant and contributory negligence on the part of the deceased. The jury returned a verdict in favor of the defendant.

We have considered with care all of the testimony as it appears from the original settled case, and are satisfied that the question of contributory negligence was properly submitted to the jury and that the evidence justifies the verdict. There was no testimony of wanton or wilful negligence on the part of the defendant. Plaintiff submitted seven requests to instruct, and each has been carefully considered, with the result that we find no error in the court's refusal to charge the jury as requested.

Affirmed.