RAYMOND A. KELLY, ADMINISTRATOR OF ESTATE OF
MAURICE KELLY v. HERBERT B. McKEOWN.[1]

September 23, 1921.

No. 22,227.

**Modification of judgment—when statute is inapplicable.**

The provision of section 7786, G. S. 1913, that the court "may, for the good cause shown, modify or set aside its judgments, orders, or proceedings" does not authorize a setting aside of a verdict and judgment after there has been a denial of a motion for a new trial which has been affirmed on appeal and where the "good cause shown" is none other than one which was or might have been urged on the motion for a new trial and on the appeal.

After the former appeal reported in 139 Minn. 285, 166 N. W. 329, plaintiff petitioned the district court of Hennepin county for a new trial. The petition was denied, Molyneaux, J. From the order

[1]Reported in 184 N. W. 273.

denying the petition, plaintiff appealed. Affirmed. Rehearing denied.

*John F. Kelly,* for appellant.

*Trafford N. Jayne,* for respondent.

HOLT, J.

This action for wrongful death was tried and verdict rendered for defendant. Plaintiff's motion for a new trial was denied, and upon appeal to this court the order was affirmed. Kelly v. McKeown, 139 Minn. 285, 166 N. W. 329. An application for rehearing was denied, remittitur issued, and judgment on the verdict entered in the court below. More than two years after the entry of such judgment plaintiff petitioned the court to vacate and set aside the verdict and judgment and direct a retrial. The petition sets forth the grounds for relief and arguments in support thereof in essentially the language of the assignments of error, and the briefs upon the former appeal.

Appellant insists that he is entitled to relief under section 7786, G. S. 1913, for "good cause shown." We think not. Every reason now urged for a retrial of the issues was urged, or could properly have been urged, in the motion for a new trial and in the appeal from the order denying a new trial. It is idle to consider whether the writs of coram nobis or audita querela may be made use of in this state. The authorized procedure in respect to motions for a new trial and appeals from the order made on such motions, affords all the remedies plaintiff was entitled to to correct and relieve against any errors that may have inhered in the verdict. It is true that both statutory and common law procedure are but means to an end, namely, the right and just determination of a controversy between litigants. But neither law nor justice contenances the right of a person to repeatedly assert a cause of action in court. Every one is entitled to his day in court. That is, he is to have an opportunity to present proper evidence, and have his cause of action fully and fairly considered by the court and jury, if it be triable to a jury. And our statute gives in addition the right to review a trial both by the nisi prius court and by this court. Plaintiff has had this, and

more, both courts having been importuned to reconsider the order and the decision.

What he terms a fake verdict, was not brought about by inadvertence, accident, surprise or excusable neglect. Indeed, every substantial objection to its validity was in fact urged before the court below on the motions for a new trial and on the former appeal and determined adversely to plaintiff's contention. And, even were it not so, he had the right then to raise any and every ground on which the verdict might be set aside and a new trial had, and cannot again claim the right to attack the verdict for alleged errors of court or jury.

Order affirmed.