HELENE KALDE, Appellee, v. PAUL G. KALDE, Appellant.

DECEMBER 14, 1928.

122

*Robertson & Robertson*, for appellant.

*Tinley, Mitchell, Ross & Mitchell*, for appellee.

WAGNER, J.—On March 17, 1922, the plaintiff filed in the district court of Pottawattamie County her petition in which she asked judgment against the defendant for separate maintenance and support. The relief therein asked is based upon the alleged grounds of adultery and such cruel and inhuman treatment on the part of the defendant as to endanger her life. The petition is duly verified, and contains all the allegations required by our statutory law (Section 10470, Code of 1924), in actions for divorce; but the plaintiff did not ask for a divorce, but, as aforesaid, asked only a judgment for separate maintenance and support.

Personal service of the original notice in said cause was had upon the defendant in Pottawattamie County on the 17th day of March, 1922. By said original notice, the defendant was required to appear and defend before noon of the second day of the next term, being the June term of the Pottawattamie County district court, which began at Council Bluffs on the 13th day of June, 1922.

It appears that, at the time of the commencement of the action, a writ of attachment was issued, and that thereunder the wages of the defendant were garnished. On the 28th day of March, 1922, the defendant, of his own accord, appeared at the office of the attorneys for the plaintiff, and there entered into a written stipulation, which is signed by both the plaintiff and the defendant. Said written stipulation provides, in substance, that the defendant did on that date pay the plaintiff the sum of $100 for her support and maintenance, and that he is to pay to the clerk of the district court, for said purpose, the sum of $100 on the first day of May, 1922, and the same amount on the first day of each month thereafter, and that, in the event of his failure to make any one of said payments within three days from

the first day of any month, execution should issue to make the same. Said stipulation also provides that the defendant had paid to the attorneys for the plaintiff the sum of $65 for their services for and in behalf of the plaintiff, and also that he had paid the costs, in the amount of $12.45, to the attorneys for the plaintiff, to be applied by them for said purpose. It is further provided in said stipulation that the plaintiff shall in no instance procure any goods, wares, or merchandise on the credit of the defendant. Said stipulation contains the further following provision:

"*It is agreed by the parties that decree is to be entered by the court under the terms of this stipulation.*"

Said written stipulation was left with or delivered by the parties to one of the attorneys for the plaintiff, and was filed by plaintiff's attorney with the clerk the following day, when the decree in exact conformity with the written stipulation was granted by the court. As to the matter of appearance by the defendant, the decree contains the following provision:

"The court finds in this case that the defendant has appeared and has stipulated with the plaintiff as to the support and maintenance of the plaintiff; that said stipulation is in writing, and is now on file in the office of the clerk of this court."

Since the time of the rendition of the decree, the defendant has paid $100 each month, in accordance with its terms and provisions.

On February 12, 1923, the defendant invoked the action of the district court for a modification of the decree granted, as aforesaid, on the 29th day of March, 1922, by filing his application therefor. The plaintiff appeared to defendant's application for modification of decree, and upon trial had to the court, the defendant was denied any relief.

On May 24, 1927, the defendant filed the motion which is involved in the proceeding now before us, in which he asks that the decree and judgment for separate support and maintenance granted on March 29, 1922, be set aside and held for naught. Said relief is asked primarily for the alleged reason that the court, at the time of the rendition of the decree for separate support and maintenance, was without jurisdiction. The plaintiff

appeared, and, upon trial, the defendant's motion to set aside the decree was overruled.. From this action by the trial court, the defendant has appealed.

It is manifest that the question for our determination is as to whether or not the court had jurisdiction to render judgment for separate support and maintenance on the 29th day of March, 1922; for, if it did not have jurisdiction, that is determinative of the matter now before us, and if it did have jurisdiction, then other matters now urged by the appellant as having been improper and illegal on the part of the court, although they may have been erroneous, were matters which cannot now be determined by us, but could only have been determined by an appeal from said judgment and decree.

Did the court have jurisdiction? Jurisdiction includes both the subject-matter and the person of the defendant. Without question, the court had jurisdiction of the subject-matter. Did it have jurisdiction of the person of the defendant? This is the sole question which is properly presented to us on this appeal. It is contended by the appellee that the court did have, and by the appellant that it did not have, jurisdiction of the person of the defendant at the time in question. It is to be borne in mind that the defendant had in no way questioned the validity of the judgment and decree for separate maintenance and support until the filing of the motion herein on May 24, 1927, and that he invoked the action of the court on February 12, 1923, for a modification of the decree, and has continuously paid the $100 a month as provided for therein. These matters have a bearing upon the interpretation which the appellant placed upon the written stipulation entered into between him and his wife on March 28, 1922, and the action of the court in granting the decree on the following day. The court, at the time of the rendition of the decree, therein found that the defendant appeared, and that the written stipulation was on file with the clerk of the court. Did the defendant's signature, together with that of his wife, to the written stipulation, and its delivery to plaintiff's attorney, and the filing of the same with the clerk, constitute an appearance by the defendant? We answer in the affirmative. This would be true, had no original notice been served. There is no claim by the appellant that any fraud was perpetrated upon, or any advantage taken of, him in procuring

his signature to the written stipulation; neither is it claimed by him that the written stipulation was filed by plaintiff's attorney without his consent or authority.

It is provided by Section 11087 of the Code that the delivery to the plaintiff, or the clerk of the court, of a memorandum in writing, to the effect that the defendant appears, which is signed by the defendant in person, and dated the day of its delivery, and filed in the case, constitutes an appearance. In *Conklin v. Johnson,* 34 Iowa 266, this court made the following pronouncement:

" * * * one of the methods of making an appearance in court is by delivering to the clerk or the plaintiff a memorandum to the effect that the defendant appears. Rev. §2840 [now Section 11087]. The paper filed need not, *in terms,* state that the defendant appears."

Therefore, it seems quite clear that, if the defendant sign a stipulation providing that a decree is to be entered by the court in accordance therewith, and deliver it to plaintiff's attorney, and it is filed in the action, the "*effect*" is that he appears. The written stipulation provides as aforesaid:

"*It is agreed by the parties that decree is to be entered by the court under the terms of this stipulation.*"

By this language, he himself invoked the action of the court, and consented to the court's taking action thereon at any time after the filing of the stipulation. He so understood it. His action in paying the $100 forthwith, and his wife's attorney fees and costs of suit, and his subsequent actions in seeking a modification of the decree, and paying the $100 per month ever since, confirm that understanding. He never at any time took any steps to contest the action.

In *Auspach v. Ferguson,* 71 Iowa 144, this court made the following pronouncement:

"But where an order of court is obtained *upon an agreement of parties, there is a virtual request made for the order by both parties.* Now, we are not able to see how a party can make a request of a court which shall be of such a character as shall justify the court in acting upon it, unless the party is to be re-

garded as in some way making an appearance. The party invokes the action of the court.''

Moreover, it is provided by Section 11579 of the Code that a judgment agreed to by the parties in a writing which is signed and filed with the clerk of the court in a case pending, *other than for divorce*, may at any time be entered in open court.

It is true that we have held that, except for desertion, the complaining party in an action for separate maintenance must have the same ground, or grounds, to warrant the granting of the same as would be required in the event that a divorce were asked. The petition was verified, and sufficient in every detail, and no complaint as to said matters is urged. The court had jurisdiction of the subject-matter and of the person of the defendant, and even if it may be said that the court did not follow the law as to quantum of proof, etc., before granting the judgment and decree for separate maintenance, defendant's remedy was by appeal from said decree, the time for which is long since past.

This is not an action for a divorce, but for separate maintenance and support, and the right of the wife thereto does not rest upon statute. *Davies Dry Goods Co. v. Retherford,* 195 Iowa 635.

The appellant relies upon *Walsmith v. Jackson,* 195 Iowa 630, as supporting his contention that the court did not have jurisdiction on the 29th day of March, 1922, to render the judgment and decree for separate maintenance, but said case does not bear out his contention. If, in that case, there had been a general appearance by the defendant, and a written agreement by him to the entry of judgment, as we have in this case, the court would have had jurisdiction of the defendant.

Since the court had jurisdiction of both the subject-matter and the person of the defendant on the 29th day of March, 1922, and since all other matters now urged against said decree inhere therein, and could in no way be attacked, except by appeal, the action of the lower court in overruling the defendant's motion to set aside the decree for separate maintenance and support is correct, and the same is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.