### A. J. HOLMES v. ANNA E. CONTER AND OTHERS.[1]

January 10, 1941.

No. 32,562.

[1]Reported in 295 N. W. 649.

*R. Edison Barr,* for appellant.
*Clifford W. Gardner,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Defendants Anna E. and Margaret B. Conter acquired the property here involved by inheritance from their father in 1910. They failed to pay taxes for the years 1925 to 1934, inclusive, so the property was sold at tax sale for each of these years and bid in by the state.

On May 13, 1936, plaintiff procured a certificate of sale for taxes for 1925 on the property from the auditor of Ramsey county for which he paid $35.91. On the same day he also procured a certificate of sale for taxes for the years 1926 to 1934, inclusive. Shortly thereafter he caused a notice of expiration of redemption under the latter certificate to be issued by the county auditor and served on defendants. Pursuant to this notice, they redeemed on June 14, 1937, by paying to the auditor the sum of $563.08, which was used to take up plaintiff's certificate.

On July 20, 1937, plaintiff caused a notice of expiration of redemption to be issued on the certificate covering the 1925 taxes. The sheriff, by his deputy, certified that it was served on the defendants personally on July 26, 1937. The auditor certified on August 1, 1938, that the property was unredeemed and that the period of redemption had expired.

Thereafter plaintiff commenced an action to quiet title to the premises, basing his right thereto upon the certificate issued by the county auditor for taxes for the year 1925. Defendants answered alleging that they were not served with notice of expiration of redemption on that certificate and denying that plaintiff had any title to the property or interest therein except a lien for taxes for the year 1925. The trial court found for plaintiff, and judgment was entered March 24, 1939, decreeing him to be the owner of the property free and clear of any claims of defendants.

In December, 1939, defendants moved for an order vacating the

judgment and granting a new trial (1) in the interests of justice and (2) because of newly discovered evidence. The motion was supported by the affidavits of defendants and of three other persons. In their affidavits defendants reiterated what they had testified to at the trial, *i. e.*, that they were not served with a notice of expiration of redemption on the 1925 certificate, and enlarged upon their testimony by alleging that they were not in St. Paul on July 26, 1937, but at or near Shakopee in Scott county. The other affiants alleged that they had seen defendants at their farm near Shakopee on that day. Their recollection of defendants' presence there on the day in question depended upon the record of their threshing operations that were going on at the time. The trial court denied the motion and in a memorandum attached to the order stated that it was denied because of defendants' failure to explain a lack of promptness in presenting the motion.

In March, 1940, defendants made a second motion for the same relief and upon the same grounds stated in the first motion. Additional affidavits were furnished by defendants and by their counsel, each outlining in some detail the efforts made to procure the newly discovered evidence and the difficulties under which it was procured. Upon the showing thus made the trial court granted the motion. In a memorandum attached to the order, Judge Parks said:

"1st. From the entire record I do not believe that the defendants were duly served with notice of expiration of redemption.

"2nd. I believe that the newly discovered evidence corroborates the fact that the defendants were not in St. Paul on the date the service of the notice of expiration of redemption was supposed to have been served.

"3rd. That the decision and judgment is a miscarriage of justice.

"The fact that these elderly women had paid a substantial sum of money, believing that the tax delinquency had been cured, argues well that they were not served with the notice for the 1925 taxes, for had they been served they certainly would have taken care of

the matter when they had gone to the bother and expense of paying $563.08 just a month previous.

"The manner in which these notices were served, viz: the notice of the delinquency for the last taxes, and the greater sum, served first, and then the notice of delinquency for the lesser sum which was first due, but served last, would be enough to confuse these deaf old ladies even if they were in fact served, as the sheriff says they were.

"To lose their property for the sum of $35.91 when they had already paid the sum of $563.08 a month before, is unconscionable, and the result obtained, in the interest of justice, should be corrected if the newly discovered evidence is introduced in evidence on the new trial, and believed to be true by the trial court.

"I do not believe, under all the circumstances, that the defendants moved more slowly than was to be expected, in view of the fact that the judge who tried the case had died, and matters in general were in a state of confusion, coupled with the fact that these old ladies were stone deaf and unable to move with that expedition of a younger person. The result thus obtained is contrary to justice. Hence this order."

From the order of Judge Parks vacating the judgment and granting a new trial, plaintiff appealed.

The only question presented on the appeal is whether the trial court abused its discretion in vacating the judgment and granting a new trial. 2 Mason Minn. St. 1927, § 9283, provides:

"The court, in its discretion, may likewise permit an answer or reply to be made, or other act to be done, after the time limited therefor by this chapter, or by its order may enlarge such time; or at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; or may, *for good cause shown,* modify or set aside its judgments, orders, or proceedings, whether made in or out of term and may supply any omission in any proceeding,

or in the record, or by amendment conform any proceeding to the statute under which it was taken." (Italics supplied.)

This section applies to all judgments and not simply to default judgments or judgments that are erroneous. Crosby v. Farmer, 39 Minn. 305, 40 N. W. 71; Stebbins v. Friend, Crosby & Co. 178 Minn. 549, 550, 228 N. W. 150. In the case last cited the court said:

"The purpose of this statute is to further justice, and it should be liberally construed to enable the court to determine the rights of the parties upon the merits."

The statute is applicable to tax proceedings. City of Duluth v. Dibblee, 62 Minn. 18, 63 N. W. 1117. The court has power to open its judgments and to correct or modify them upon the presentation of newly discovered evidence when manifest wrong has been done upon substantially the same principle on which rests its inherent power to grant a new trial. State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825; De Coster v. Jorgenson, 137 Minn. 472, 163 N. W. 1069. A court may vacate findings and reopen a case for further evidence. Morris v. Blossom, 181 Minn. 71, 231 N. W. 397; Smith v. Kurtzenacker, 147 Minn. 398, 180 N. W. 243.

In applying the statute courts have pointed out the difference between the trial court's power to set aside a judgment for good cause shown and its power to set aside a judgment for judicial error. Alexander v. Hutchins, 158 Minn. 391, 197 N. W. 754, 756. In the case of judicial error, the motion to set aside must be made within the time limited to appeal because the relief asked for would be the same as that obtainable on appeal. Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857; Gallagher v. Irish-Am. Bank, 79 Minn. 226, 81 N. W. 1057; Kelly v. McKeown, 151 Minn. 525, 184 N. W. 273. Where it is sought to modify or vacate a judgment "for good cause shown," the statutory limitation is one year after notice of its entry. Within one year the party seeking to vacate must act with diligence. National Council v. Canter, 132 Minn. 354, 157 N. W. 586.

In the present case the motion to vacate the judgment and grant a new trial is predicated not on judicial error but on the ground that the judgment is a miscarriage of justice; that the newly discovered material evidence is of such character as would have changed the decision and prevented the subsequent entry of judgment; and that it was not known to or available to defendants at the time of the trial.

We need not detail all of the facts disclosed by the record. In short, the picture presented is this: Defendants, elderly sisters, afflicted with deafness and other ailments which accompany old age, in order to redeem their property from a series of tax sales covering the years 1926 to 1934, inclusive, paid the sum of $563.08 on June 14, 1937, no doubt believing that they had paid the full amount required to redeem. About a week later, plaintiff, being the owner of a certificate covering the 1925 tax, not included in the other certificate, caused another notice of expiration of redemption to be issued. Whether that notice was served on defendants was an issue in the action to quiet title. They claim it was not served. The sheriff's return indicates that it was. In any event, Judge Parks, to whom the motion to vacate the judgment and grant a new trial was presented, believed that the notice was not served. An examination of the record, and particularly the affidavits accompanying the motion, discloses sufficient doubt as to the service to justify, if not to require, the vacation of the judgment and the granting of a new trial in the interests of justice. It is unconscionable to see these elderly defendants, who had paid $563.08 to redeem their property, worth about $2,500, deprived of it for the paltry sum of $35.91.

It is the duty of courts to prevent, if possible, such unjust results. 2 Mason Minn. St. 1927, § 9283, gives the court power to perform that duty. This court on other occasions has wielded that power effectively. Peterson v. First Nat. Bank, 162 Minn. 369, 203 N. W. 53, 42 A. L. R. 1185.

Plaintiff cannot suffer from the decision here under review except as he might be denied an unconscionable advantage. If on a

second trial it develops that the notice of expiration of redemption was served and that the tax proceedings were in all respects regular, a question not now before us, his every right will be protected. If, on the other hand, it is determined that plaintiff is not the owner of the property, his lien, with liberal interest, will stand.

The order appealed from is affirmed.

