ANNA E. GELIN AND ANOTHER v. ANNA M. HOLLISTER
AND OTHERS.
FREDERICK W. LAMBRECHT AND ANOTHER,
APPELLANTS.[1]

October 4, 1946.

No. 34,147.

[1]Reported in 24 N. W. (2d) 496.

*Mark H. Gehan,* for appellants.

*A. I. Levin* and *George G. Chapin,* for respondent Anna M. Hollister.

*Beldin H. Loftsgaarden,* for respondents Anna E. Gelin and Frederick J. Gaertner.

MATSON, JUSTICE.

In an action for the partition of a piece of downtown real estate in the city of St. Paul, the court found the interests of the respective parties to be as follows:

Plaintiffs:

 Anna E. Gelin ................................... 20/300

 Frederick Gaertner ............................ 9/300

Defendants:

 Emma Lambrecht Jenny ....................... 54/300

 Frederick J. Lambrecht, deceased (represented herein by his administrators) ...................... 75/300

 Michael Lambrecht, incompetent (represented herein by his guardian, Anna M. Hollister) ............ 88/300

 Anna M. Hollister ............................. 54/300

In the course of the proceedings, defendants submitted to plaintiffs an offer either to buy or sell the premises for $175,000, subject to deductions for a mortgage and certain items of expense. Plaintiffs accepted the offer and agreed to buy. The court found the price to be fair, reasonable, and proper for the purpose of the partition and that all parties consented thereto. In this manner, the statutory procedure for the appointment of referees and appraisers was made unnecessary insofar as the respective parties were competent to give their consent, and the court, without further ado, on May 4, 1945, made its findings and entered an interlocutory decree ordering the sale of the premises to plaintiffs as the parties had stipulated.

On June 1, 1945, Anna M. Hollister, individually and as guardian of Michael Lambrecht, served a notice of motion and order to show cause for the vacation of the findings of fact, conclusions of law, and interlocutory judgment, and on June 2 filed the same, together with proof of service, with the clerk of court. She alleged in support of her motion that she had not consented to the order for judgment and interlocutory decree, but, if the court should hold otherwise, that she would withdraw her consent. The motion was noticed for hearing and heard on June 8, and on July 21 the court made its order vacating and setting aside the findings of fact, conclusions of law, and interlocutory decree made on May 4, 1945. As part of its order, the court attached a memorandum containing the following statement:

"'* * * As the statutory procedure was not followed and one of the parties acted in a representative capacity without obtaining the approval of the Probate Court, I am of the opinion that the decree is open to direct attack on that ground.''

Appellants, the administrators of the estate of Frederick J. Lambrecht, deceased, contend that the court erred as a matter of law in vacating its findings of fact, conclusions of law, and interlocutory decree.

██ The partition statutes were amended by L. 1941, c. 448, §§ 1, 2, Minn. St. 1941, § 558.215 (Mason St. 1944 Supp. §§ 9544-1, 9544-2), to provide:

"Any party to any partition proceedings may appeal from any order or interlocutory judgment made and entered pursuant to sections 558.04, 558.07, 558.14, or 558.21, to the supreme court within 30 days after the making and filing of any such order or interlocutory judgment. Any appeal taken pursuant to the provisions hereof shall be governed by the rules and laws applicable to appeals in civil cases.

"All matters determined by any such order or interlocutory judgment shall be conclusive and binding upon all parties to such proceedings and shall never thereafter be subject to review by the court unless appealed from as provided for herein."

Anna Hollister's notice of motion and order to show cause were served four days, and filed with the clerk of court three days, before the 30-day period expired, and no hearing was held thereon until four days afterwards. The court's order of vacation was made 47 days after such expiration. Was the court, as appellants contend, without power to vacate its findings and interlocutory judgment after the expiration of the 30-day period? Respondents assert that the court's order of vacation was an act of discretion for "good cause shown" and not one for the correction of judicial error, and that therefore pursuant to Minn. St. 1941, § 544.32 (Mason St. 1927, § 9283), the court was empowered to act at any time within a year.

We find it wholly unnecessary to decide whether the court acted in its discretion for "good cause shown" or for the correction of judicial error. Taking the position most favorable to appellants' contention by assuming, without deciding, that the court's order of vacation was an act for the correction of judicial error, we have the significant fact that the notice of motion for setting aside the findings and decree was not only served but also filed with the clerk of court within the 30-day period. Where an application to the court is made within the time for appeal, the court has the

power, for the correction of judicial error, to hear a motion for and to order the modification, vacation, or setting aside of its orders and its judgments after the time for such appeal has expired.

Did the serving and filing of the notice of motion, without actual court hearing thereon before the 30-day period expired, constitute an application to the court within the time for appeal? We so hold. In Conklin v. Johnson, 34 Iowa 266, we have a case in point, wherein the defendant served and filed his notice of motion for the vacation of a judgment a few days before the two-year statutory period had expired and the same was noticed for hearing, and actually heard, a few days after the expiration thereof. The statute (Laws of Iowa, Rev. of 1860, § 3160) pursuant to which the motion was made provided:

"When a judgment has been rendered against a defendant or defendants, served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may at any time within two years after the rendition of the judgment, *appear in court, and move* to have the action re-tried, and security for the costs being given, they shall be admitted to make defense; * * *." (Italics supplied.)

In passing upon the timeliness of the motion, the Iowa supreme court held (34 Iowa 267):

"* * * We are of opinion that the motion was made in time, one of the methods of making an appearance in court is by delivering to the clerk or the plaintiff a memorandum to the effect that the defendant appears. Rev., § 2840. The paper filed need not, *in terms,* state that the defendant appears. If he files an answer, or a demurrer, or a motion in the action, the 'effect' is that he appears. But, appellants claim that this is but an appearance in the *action,* and not an appearance in *court.* It is difficult to discover how a defendant could appear in an action, without appearing in court. The action being in court, it seems too clear for argument that an appearance in the action is an appearance in court. It is not necessarily an appearance in *open* court, but the section of the statute above set out, does not provide that the defendant shall

appear in *open* court. When a defendant is served with an original notice in the manner provided by the statute, he is deemed 'in court.' Without being thus served, he will be deemed in court to all intents and purposes, as if duly served with notice, by filing in the clerk's office an answer, demurrer or motion in the action. See Revision of 1860, § 2840; Hale v. Van Saun & Hunt, 18 Iowa, 19. [Italics in Iowa report.]

"The defendant appeared in court within the meaning of the statute, by appearing in the action. *This he did by filing his motion with the clerk, and serving notice thereof on the plaintiffs.* Such appearance was, within the two years, prescribed by the statute."[2] (Italics ours.)

Section 2840 of the Iowa statute referred to by the court specifies how appearance may be made and the effect thereof and corresponds for all practical purposes herein with Minn. St. 1941, § 543.16 (Mason St. 1927, § 9239).

Although the Iowa statute (§ 3160) required the defendant to *appear in court and move* within the two-year period, the court, with obvious regard for the purpose of the statute and the intent of the legislature, gave it a common-sense interpretation in keeping with the general rule that procedural statutes are to be given a liberal and broad construction. 3 Horack's Sutherland, Statutory Construction (3 ed.) § 6802. The same liberal construction should be applied herein and can be applied in keeping with the intent of the legislature, with regard for the occasion and necessity for the law, the object to be attained, and in recognition of the consequences that would result from such construction. See, Minn. St. 1941, § 645.16 (Mason St. 1944 Supp. § 10933-17). In amending the partition statutes by enacting § 558.215 (§§ 9544-1, 9544-2), the legislature undoubtedly acted pursuant to the suggestion of this court in Burke v. Burke, 209 Minn. 386, 390, 297 N. W. 340, 342, wherein the question was raised whether as a matter of proper

[2]The above decision has never been overruled and is cited with approval in Molsberry v. Briggs, 176 Iowa 525, 156 N. W. 999, and Kalde v. Kalde, 207 Iowa 121, 222 N. W. 351.

procedure a party complaining of an interlocutory judgment or order should be permitted to rest on his oars until entry of, and appeal from, final judgment before attacking such interlocutory decree or order. In setting a limit of 30 days in which to appeal, the object of the limitation was not that it should be an end in itself, but that it should provide a better way of expediting partition proceedings through securing a final determination of the validity of certain preliminary steps before entering upon a completion of the entire partition process. The attainment of the purpose of securing a final review of the interlocutory judgment within a reasonable time after its entry neither justifies nor demands a strict or narrow interpretation. Limitations upon the time for bringing an appeal, and logically likewise upon the power of the court to modify its judgments and orders during such period, are to be liberally interpreted to avoid a forfeiture of either the right of appeal or of the right to the exercise of such power of modification. Converse v. Burrows & Prettyman, 2 Minn. 191 (229); 3 Horack's Sutherland, Statutory Construction (3 ed.) § 6809. Likewise, statutes governing motions are to be given a liberal construction. *Id.* § 6805. Applying these salutary principles to the instant case, there is no justification for adopting the narrow interpretation that the motion for modification must be noticed for, and actually heard by the court, within the 30-day period. Such a construction imparts an unnecessary inelasticity to our procedure and accomplishes nothing but a deification of undue technicality and a visitation of inequitable loss upon a litigant whose lawyer has unwittingly failed to observe illogical and purposeless pitfalls on the road to justice. Technicalities which contribute nothing but rigidity to the judicial process deserve neither recognition nor preservation. The purpose of the statute will be fully satisfied by holding that service of the notice of motion and filing thereof constitute an application to the court within the appeal period. The objection that this permits the litigant to defeat the legislative intent by designating, if he so desires, a time of hearing beyond the expiration of the appeal period is academic and wholly un-

realistic in that the other party has a speedy and effective remedy to secure an advancement of the time for hearing through an order to show cause.[3]

Not only was the application to the court timely and sufficient, but the court had the power to modify or set aside its interlocutory judgment. To hold that the court lacked this power would be unreasonable and "would make the moving party, though he applied for relief within the time allowed him, responsible for the future action of the court, over which he necessarily has no control." 52 A. S. R. 795, note. Although the issue has not been expressly decided by this court, our decisions have recognized the soundness of the principle. In Gallagher v. Irish-American Bank, 79 Minn. 226, 231, 81 N. W. 1057, 1058, the court said:

"* * * we hold that, *when the effort to modify or amend the judgment in this case was made, the time to appeal having expired*, it was too late to grant the relief sought." (Italics supplied.)

In Holmes v. Conter, 209 Minn. 144, 148, 295 N. W. 649, 651, the court observed that:

"* * * In the case of judicial error, the *motion to set aside must be made within the time limited to appeal* because the relief asked for would be the same as that obtainable on appeal."[4] (Italics supplied.)

Other jurisdictions holding to the general rule that the court has no power to modify or vacate a judgment after the expiration of the court term during which it was rendered recognize, as an exception thereto, that if the application is made within such term the jurisdiction of the court is retained after expiration of the term for the setting aside or modification of its judgments.

[3]The case of Herrlich v. McDonald, 80 Cal. 472, 22 P. 299, is of little, if any, value as an authority. There is absolutely nothing in the decision of the California court to show that the notice of motion was both served and filed with the court. In fact, the court was in doubt as to whether any motion had in fact been made, in that the record made no showing thereof.

[4]See, Connelly v. Carnegie Dock & Fuel Co. 148 Minn. 333, 334, 181 N. W. 857; Tomlinson v. Phelps, 93 Minn. 350, 353, 101 N. W. 496, 497.

"* * * In such case, *the rights of a party seeking relief become fixed at the time the motion is filed,* and not at the time of the disposition of the motion, even if that is a subsequent term." (Italics supplied.) 31 Am. Jur., Judgments, § 731.[5]

We find nothing in our § 558.215 (§§ 9544-1, 9544-2) requiring a construction that the trial court is thereunder denied the right to modify or vacate its orders or interlocutory judgments where application is made within the time for appeal. Such a construction would be unreasonable, arbitrary, and unnatural. In Nornborg v. Larson, 69 Minn. 344, 346, 72 N. W. 564, 565, involving Ex. Sess. L. 1891, c. 53, § 19, subd. 5, which provides:

"Defaults may be opened and judgments and orders set aside or modified for good cause shown within thirty (30) days after the party affected thereby shall have notice or knowledge of the same," a motion was made within the 30-day statutory period to vacate a judgment. The judgment, not having been vacated within such period, the trial court decided that it had no power to do so afterward. Although the ground for vacation was one of discretion rather than judicial error and although by judicial construction the motion was held to have been actually made within the 30-day period, the decision reversing the lower court is of interest here from the standpoint of statutory construction. The court, speaking through Mr. Justice Mitchell, said (69 Minn. 346, 72 N. W. 565):

"* * * In any view of the case, the statute ought not to receive so harsh and unreasonable a construction as to deprive the court of the power to make the order relieving from a default or opening a judgment after the expiration of the 30 days, *when the application is made within that time.*" (Italics supplied.)

■ It has been urged that the interlocutory decree was not made pursuant to any of the sections (§§ 558.04, 558.07, 558.14, 558.21

[5]See, 1 Freeman, Judgments (5 ed.) § 197; 1 Black, Judgments (2 ed.) § 306; Annotation, 60 A. S. R. 639, 647, 652; A. T. & S. F. R. Co. v. Elder, 149 Ill. 173, 181, 36 N. E. 565, 567; Goddard v. Ordway (Phillips v. Ordway) 101 U. S. 745, 25 L. ed. 1040; Bronson v. Schulten, 104 U. S. 410, 26 L. ed. 797; Knox County Bank v. Doty, 9 Ohio St. 506, 75 Am. D. 479.

[Mason St. 1927, §§ 9527, 9530, 9537, 9544]), specified in § 558.215 (1944 Supp. §§ 9544-1, 9544-2), and that therefore this latter section has no application herein and that the interlocutory decree, if it had not been vacated, would be subject to review only on an appeal from the final judgment and not otherwise. By their stipulation, the parties made it unnecessary to appoint appraisers under § 558.04 (§ 9527) to effect a partition, to confirm the appraisers' report under § 558.07 (§ 9530), and for the court to determine pursuant to § 558.14 (§ 9537), upon the evidence or report of referees, that a sale was necessary; but it does not follow that their attempt to settle certain fact issues by mutual agreement and thus shorten the process of litigation deprived them of the right of appeal conferred with respect to these sections. Clearly, the findings of fact, conclusions of law, and interlocutory judgment, though based on certain stipulated facts which in the absence of the stipulation could otherwise have been determined only by following certain statutory procedure, were made in compliance with, and to effectuate the purpose of, the statutory provisions. Kauffman v. Eckhardt, 195 Minn. 569, 574, 263 N. W. 610, 264 N. W. 781. As a matter of sound public policy, the law favors the efforts of litigants to eliminate questions of fact by voluntary stipulation, and such efforts are not to be discouraged or penalized by a loss of the protective right of appeal unless the statutory provisions clearly and unequivocally so require. The legislature in enacting § 558.215 (§§ 9544-1, 9544-2) obviously did not intend that the benefits thereof should be denied to those who in good faith have carried out but shortened the statutory process by compromising their differences as to valuation and as to the need for a sale. Any other construction would defeat the legislative intent and ignore the occasion for, and the purpose of, the statute. § 645.16 (§ 10933-17).

 Extraneous to the partition proceedings was the failure of Anna M. Hollister as guardian of Michael Lambrecht to obtain a license or order of sale from the probate court of Dakota county authorizing her as such guardian to sell, and to consent to the sale of, the property of her ward. The real estate of a person adjudged

to be incompetent may be sold in the course of partition proceedings, provided there is a substantial compliance with statutory provisions, inclusive specifically of the provision that "If a private sale be ordered the real estate shall be appraised by two or more disinterested persons under order of the court, * * *." § 558.17 (1940 Supp. § 9540), § 558.31 (1927 St. § 9554). Persons who are competent may waive the statutory requirement for an appraisal, but this right of waiver does not belong to a guardian in disposing of his ward's property. Our statutory enactments are permeated with the fundamental intent and policy that a ward's real estate is to be sold only after a competent and disinterested appraisal. If the guardian desires to waive the statutory provision for an appraisal in connection with a private sale under partition proceedings, it becomes necessary for him first to obtain an order of sale from the probate court, to have the property duly appraised pursuant to such order, and otherwise to comply with the statutes pertaining to the sale of a ward's real estate. §§ 525.64, 525.641, 525.642, 525.651 (1940 Supp. §§ 8992-147, 8992-148, 8992-149, 8992-151). It is a firmly established general rule that a guardian has no authority to sell, or to consent to the sale of, the real estate of a ward without an order of the probate court, in the absence of a statute expressly or by implication granting him such authority. See, 25 Am. Jur., Guardian and Ward, § 124. Statutes authorizing a sale without an order of license from the probate court are to be strictly construed for the protection of the ward. In the instant case, in attempting to waive certain statutory requirements in the partition proceedings in behalf of her ward, Anna M. Hollister as guardian unwittingly made it necessary for her first to start proceedings in another court to obtain such order of sale. The trial court, upon becoming aware of this requirement, which was extraneous to the proceedings before him, and upon becoming aware of the guardian's failure to comply therewith, properly set aside the interlocutory judgment. By virtue of § 558.215 (§§ 9544-1, 9544-2), the interlocutory judgment herein, with respect to the setting aside thereof upon motion, occupies the position of a judg-

ment. Judgments may be vacated on motion where the ground therefor is something extraneous to the action of the court. Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374; 3 Dunnell, Dig. & Supp. § 5120; Black, Judgments (2 ed.) § 329.

The order of the lower court is affirmed.

Affirmed.

LORING, CHIEF JUSTICE (dissenting).

The provisions of L. 1941, c. 448, left but two possible remedies for judicial error as against the orders and judgments to which the statute applied. One was an appeal to this court; the other was, of course, a motion to vacate or modify the order or judgment presented to the trial court within the time for appeal. Obviously, it was the legislative purpose so to limit the time and to immunize such order and judgments from attack thereafter for judicial error in order to expedite the administration of justice in this class of cases. The legislature had the undoubted right so to legislate. It could limit the time within which relief might be sought to 30 days if it deemed it wise to do so. We should not, by interpretation, thwart that purpose.

Four days before the expiration of the 30-day period allowed by the statute for appeal, the notice was given appellants that four days after the 30-day period had expired a motion to vacate the judgment would be presented to the court. The mere service of the notice upon appellants and filing it with the clerk brought nothing before the court. The matter that was to be presented to the court came before it four days after the expiration of the time limited for relief. If we sustain the notice of motion as a presentation to the court within the 30-day period, we thwart the legislative purpose, because, if the notice advised an opponent of a presentation to the court of a motion to vacate on a day four days after the time for appeal expired, service of such a paper might be held to notify the opponent that such a motion would be presented still longer after the appeal period had expired. I think respondent Hollister sought relief after she was barred by the statute from doing so. The application was not made to the court until after

the time for it had expired. Nornborg v. Larson, 69 Minn. 344, 346, 72 N. W. 564, 565, does not hold otherwise, because in that case the record shows that the motion to which subsequent proceedings were connected was actually presented to the court before the expiration of the 30-day period.

In Gallagher v. Irish-American Bank, 79 Minn. 226, 231, 81 N. W. 1057, 1058, there is no holding that the mere serving of a notice that a motion will be made amounts to an "effort to modify or amend the judgment."

We must not confuse the notice of motion with the motion itself.

"A notice of motion is distinct from the motion itself. A motion, as has been seen, is an application for an order, while a notice of motion is a mere warning that an order will be applied for and is designed to enable the opposite party to appear and contest the application. But a notice of motion is not process." 14 Enc. of Pl. & Pr. p. 121.

"* * * there is nothing upon which the court can act until the motion is made in court and entered of record. Then, and not till then, the court has a cause before it, after which it is continued in court until it may be finally heard. Before the motion is thus made and entered of record, the defendant can take no step whatever in the matter. There is nothing to dismiss, for there is no process returned into court by which the court can recognize the case. The notice is a private paper in the hands of the party who gives it, and does not belong to the court until the motion is made and it is produced in evidence." Cheatham v. Howell, 14 Tenn. (6 Yerg.) 311, 312.

"* * * Counsel seem to confound the notice of motion with the motion itself. The notice is not a motion, and should not be so treated." Herrlich v. McDonald, 80 Cal. 472, 474, 22 P. 299.

Conklin v. Johnson, 34 Iowa 266, turned on the question whether filing a motion with the clerk constituted an *appearance* in court. There the defendant Johnson had been served in the action by publication. Under the Iowa statute, filing a motion with the clerk constitutes an *appearance*. The court did not discuss the question

352

here presented. In the case at bar, the moving party was already in and had abundant opportunity to seek the remedy either by appeal or by making a motion prior to the expiration of time for appeal. We would certainly not say that a notice of intention to take an appeal four days after the time for appeal expired was equivalent to taking an appeal. To hold as do the majority is to condone dilatory practice.

For the reason that the motion was not presented to the court within the 30-day period within which an appeal could be taken, I think there should be a reversal.

JULIUS J. OLSON and THOMAS GALLAGHER, JUSTICES (dissenting). We concur with the dissent of the Chief Justice.

[1]Reported in 24 N. W. (2d) 493.